WOLVERINE ELECTRIC COOPERATIVE, INC., *v.* SAGMAN.

1. TRESPASS—WASTE—TREBLE DAMAGES.

Findings of trial court that electric power company which had acquired right-of-way easement over lands knew that trees in the right-of-way were to be trimmed and not cut down, that cutting down of trees by power company was deliberate waste, and that the trespass was not casual or involuntary but deliberate and over the protests of the landowner, when supported by the evidence, support the award of treble damages under statutory provision (CLS 1961, § 600.2919).

2. SAME—MEASURE OF DAMAGES.

Damages in trespass to land, generally speaking, are measured by the difference between the value of the land before the harm and the value after the harm, but there is no fixed inflexible rule, and whatever approach is most appropriate to compensate the landowner for his loss in the particular case should be adopted.

3. SAME—MEASURE OF DAMAGES—TREES—VALUATION.

Damages for the cutting of trees from land computed by multiplying the value per tree by the number of trees cut, after determining the value of trees per inch at the stump, *held,* to be a proper method of computing the award of damages; and evidence of a number and size of the trees cut and of the per inch value of the trees at the stump is sufficient evidence to support the damage award.

Appeal from Ottawa, Ray (Chester A.), J.  Submitted Division 3 April 3, 1968, at Grand Rapids. (Docket No. 3,993.)  Decided May 28, 1968.

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 52 Am Jur, Trespass §§ 40, 58, 59.

Complaint by Wolverine Electric Cooperative, Inc., a Michigan corporation, against Sidney Sagman, Meta Sagman, and Albert Sagman for injunction against interference with easements. Counterclaim by defendants for damages to their real property. Judgment granting relief both to plaintiff and to defendants, including damages awarded to defendants. Plaintiff appeals from award of damages. Affirmed.

*James W. Bussard*, for plaintiff.

*Harry Lieffers, Jr.*, for defendants.

QUINN, J. Plaintiff filed these actions to enjoin defendants from interfering with its rights under easements of right-of-way granted by defendants and parties named De Vries to plaintiff for erection of a power line. Subsequent to the De Vries easement, defendants acquired the servient estate from the De Vrieses. The Sagman easement was recorded in liber 541, page 233, and the De Vries easement in liber 541, page 232, Ottawa county register of deeds' office. By separate action, defendants sought relief by way of damages on the theory that the easements were obtained by the fraud and misrepresentation of plaintiff's agent. The cases were consolidated for trial which resulted in relief being granted to plaintiff and to defendants. No appeal was taken from the relief granted in relation to the De Vries easement. Plaintiff appeals the award of damages to defendants and raises the following 2 issues for decision:

Were treble or punitive damages properly assessed?

Were damages assessed without proof by a preponderance of the evidence?

In its written opinion, the trial court made the following findings of fact:

1. That at the time defendants executed their easement, they did not understand or intend that trees growing in the right-of-way conveyed by the easement would be cut down. That defendants' understanding at this time was that trees which might come in contact with the power line would be trimmed to prevent interference with the power line.

2. That through the knowledge of its agent, plaintiff knew trees in the right-of-way were to be trimmed and not cut down, and that the cutting down of trees by plaintiff was deliberate waste and that plaintiff's trespass on defendants' land was not casual or involuntary but deliberate and over the protests of the owner.

We have reviewed the trial testimony and find evidence therein which supports the foregoing findings, and such review fails to convince us that had we sat as the trial court we would have found otherwise. Such findings support the award of the treble damages under the provisions of CLS 1961, § 600.2919 (Stat Ann 1962 Rev § 27A.2919).

A recent statement of the rule on damages in a case such as this is found in *Schankin* v. *Buskirk* (1958), 354 Mich 490, at 494, as follows:

"Generally speaking, damages in trespass to land are measured by the difference between the value of the land before the harm and the value after the harm, but there is no fixed, inflexible rule for determining, with mathematical certainty, what sum shall compensate for the invasion of the interests of the owner. Whatever approach is most appropriate to compensate him for his loss in the particular case should be adopted."

The record contains evidence of the number and size of the trees cut and a per inch value thereof

at the stump. From this information the trial judge computed the value per tree at $4 each and multiplied the 175 trees involved by that figure to arrive at single damages of $700. Under the rule of *Schankin, supra,* we find this to be sufficient evidence to support the damage award and that the method of computing the award from such evidence is proper.

Affirmed, with costs to defendants.

BURNS, P. J., and ZIEM, J., concurred.