## THIELE v DETROIT EDISON COMPANY

Docket Nos. 111243, 112643. Submitted December 15, 1989, at Detroit. Decided March 22, 1990. Leave to appeal applied for.

Audrey Thiele filed a trespass action against Detroit Edison Company in Oakland Circuit Court alleging that Edison and its agents wilfully and tortiously cut down and destroyed eight trees standing on a parcel of undeveloped property that plaintiff owns in Lake Orion Heights. Plaintiff sought treble damages as permitted by statute. At the close of plaintiff's proofs, defendant moved for a directed verdict on the ground that plaintiff had failed to prove that she suffered any damages. The court, David F. Breck, J., agreed and granted a directed verdict in favor of defendant. Plaintiff appealed. Defendant also appealed, contending that the trial court erred in denying its motion for costs and attorney fees. The appeals have been consolidated.

The Court of Appeals *held:*

1. The trial court erred in holding that the appropriate measure of damages in a trespass and damage to land action is the difference between the value of the freehold before the damage and the value of the freehold after the damage. A more accurate statement of the law is that there is no one fixed, inflexible rule for determining damages in cases such as this. Instead, the courts should apply whatever approach is most appropriate to compensate a plaintiff for the losses incurred based on the facts of the individual case. Detailed testimony was presented by plaintiff regarding the trees' actual value and replacement value. The loss of aesthetic value, the actual monetary value of the trees lost, and the cost of their replacement constitute evidence of the diminution in value of the freehold estate. The trial court erred in granting defendant's motion for a directed verdict. A new trial is warranted.

2. The remaining issues need not be addressed.

Reversed and remanded for a new trial.

REFERENCES

Am Jur 2d, Trespass § 51; Trial §§ 500, 531-534, 537.

Measure of damages for injury to or destruction of shade or ornamental tree or shrub. 95 ALR3d 508.

1. Motions and Orders — Directed Verdict — Appeal.

    The Court of Appeals, in reviewing a trial court's ruling on a motion for a directed verdict, views the testimony and all legitimate inferences drawn therefrom in a light most favorable to the nonmoving party; if reasonable jurors could honestly have reached differing conclusions, the motion should have been denied and the case given to the jury; however, if the evidence is insufficient to establish a prima facie case against the defendant, the motion should have been granted because reasonable jurors would agree that there is an essential failure of proof.

2. Trespass — Damages — Damage to Land.

    There is no one fixed, inflexible rule for determining damages in a trespass and damage to land action; the courts should apply whatever approach is most appropriate to compensate a plaintiff for the losses incurred based on the facts of the individual case.

*Stanley T. Dobry,* for plaintiff.

*Zamplas, Paskin, Nagi, Baxter, Johnson & Walker, P.C.* (by *Jeannette A. Paskin* and *Patricia J. Battersby*), for defendant.

Before: Neff, P.J., and Wahls and T. G. Kavanagh,* JJ.

Per Curiam. In this trespass action, plaintiff alleged that defendant and its agents wilfully and tortiously cut down and destroyed eight trees standing on a parcel of undeveloped property that plaintiff owns in Lake Orion Heights, Michigan. She sought treble damages pursuant to MCL 600.2919(1); MSA 27A.2919(1). A jury trial was held on July 12 and July 14, 1988. At the close of plaintiff's proofs, defendant moved for a directed verdict on the ground that plaintiff had failed to prove that she suffered any damages. The trial court took the motion under advisement. At the

* Former Supreme Court justice, sitting on the Court of Appeals by assignment.

end of the second day of trial, the court granted defendant's motion and stated:

> I took the motion for direct[ed] verdict under advisement and now I've had a chance to review the law having to do with the measure of damages and it appears to me that the *Governale* [v *City of Owosso,* 59 Mich App 756; 229 NW2d 918 (1975)] case cited by the defendant is the applicable law in this state and that the measure of damages therefore is the lessening value of the freehold by the cutting down of the trees. There is no testimony by the plaintiff in that regard and therefore, I'm going to grant the motion for directed verdict.

An order to this effect was entered in the Oakland Circuit Court on August 17, 1988. On appeal, plaintiff asserts that the trial court applied the wrong measure of damages and erred in taking the case from the jury. We agree.

When reviewing a trial court's ruling on a motion for a directed verdict, we view the testimony and all legitimate inferences drawn therefrom in a light most favorable to the nonmoving party. If reasonable jurors could honestly have reached differing conclusions, the motion should have been denied and the case given to the jury. *Matras v Amoco Oil Co,* 424 Mich 675, 681-682; 385 NW2d 586 (1986). However, if the evidence is insufficient to establish a prima facie case against the defendant, the motion should have been granted because reasonable jurors would agree that there is an essential failure of proof. *Bullock v Gulf & Western Mfg,* 128 Mich App 316, 319; 340 NW2d 294 (1983).

In the instant case the trial court stated that the appropriate measure of damages in a trespass and damage to land action is the difference be-

tween the value of the freehold before the damage and the value of the freehold after the damage. This "damage to the freehold" measure of damages may, but does not always, accurately measure the harm to the owner's interest. We believe that a more accurate statement of the law is that there is no one fixed, inflexible rule for determining damages in cases such as the instant one. Instead, the courts should apply whatever approach is most appropriate to compensate the plaintiff for the losses incurred based on the facts of the individual case. *Schankin v Buskirk,* 354 Mich 490; 93 NW2d 293 (1958); *Miller v Wykoff,* 346 Mich 24; 77 NW2d 264 (1956); *Wolverine Electric Cooperative, Inc v Sagman,* 11 Mich App 495; 161 NW2d 433 (1968).

Here, plaintiff testified that she purchased the wooded lot because of its beauty and because she could sit and enjoy it. She claimed that the aesthetic value was lost because of the destruction of the trees. Although the trees could not be classified as "ornamental" or of a variety that are commonly used for landscaping, they were "wild," healthy trees. Further, plaintiff presented detailed testimony regarding the trees' actual value and replacement value. The loss of aesthetic value, the actual monetary value of the trees lost and the cost of their replacement constitute evidence of the diminution in value of the freehold estate. *Schankin, supra.* Accordingly, we believe that the trial court erred in granting defendant's motion for a directed verdict. A new trial is warranted.

Because of our disposition of the instant issue, we need not address plaintiff's remaining issues or defendant's claim that the trial court erred in denying its motion for costs.

Reversed and remanded for a new trial. We do not retain jurisdiction.