McTAGGART v LINDSEY

Docket No. 136480. Submitted February 18, 1993, at Lansing. Decided December 6, 1993, at 9:25 A.M.

Kelly Lindsey, for herself and as personal representative of the estate of her deceased daughter, April Lindsey, brought a wrongful death action in the Wayne Circuit Court against Has and Shrilekha Patel in connection with April's death in a fire at a motel owned by the defendants. The parties reached a settlement, and Kelly Lindsey filed a motion for authority to distribute the settlement proceeds entirely to herself. Richard McTaggart intervened in the action, claiming entitlement to a share of the settlement proceeds as April's father and for the loss of her society or companionship. The court, J. Phillip Jourdan, J., awarded all of the proceeds to Kelly Lindsey. McTaggart appealed, claiming that the trial court erred in determining that he was not entitled to recover for loss of society or companionship. He also claimed that a conflict of interest arose from an attorney's representation of Kelly Lindsey in both her capacities as personal representative of April's estate and as a claimant against the estate.

The Court of Appeals *held:*

1. The trial court did not clearly err in finding that McTaggart had failed to develop a relationship with April that would entitle him to recover for the loss of her society or companionship. There was evidence indicating that McTaggart had not contributed to April's financial needs, visited April or expressed an interest to do so, or taken any steps to assert his parental rights to April.

2. The same attorney may represent a personal representative in the dual capacities of fiduciary of the estate and claimant against the estate if the interests of the personal representative as claimant and fiduciary are the same. In this case, the trial court did not determine whether April's estate is entitled to a share of the settlement proceeds for April's pain and suffering. Such an award to the estate would be subject to

REFERENCES

Am Jur 2d, Attorneys at Law § 184.

See ALR Index under Attorney or Assistance of Attorney.

distribution to April's heirs under the laws of intestacy. Because Kelly Lindsey's interests as fiduciary and as claimant would conflict with regard to the distribution of an award to the estate for pain and suffering, she may not be represented by the same attorney in both capacities in the event of such distribution. The case must be remanded for an evidentiary hearing regarding the estate's claim under the wrongful death act.

Affirmed in part and remanded.

ATTORNEY AND CLIENT — WRONGFUL DEATH ACTIONS — PERSONAL REPRESENTATIVES — CLAIMANTS.

In a proceeding for the distribution of the proceeds of a wrongful death action, the same attorney may represent a person who is both the personal representative of the decedent's estate and a claimant of the wrongful death proceeds if the interests of the person as fiduciary and as claimant are the same (MRPC 1.7[a] [1], [b][2]).

*Paul D. Sherr,* for Richard McTaggart.

*Harvey, Kruse, Westen & Milan, P.C.* (by *Dennis M. Goebel* and *Mary Rourke Benedetto*), for Kelly Lindsey.

Before: WHITE, P.J., and CAVANAGH and JANSEN, JJ.

CAVANAGH, J. In this wrongful death case, Richard McTaggart, the father of the decedent, appeals as of right the trial court's distribution of all of the wrongful death proceeds to appellee Kelly Lindsey, the decedent's mother. We affirm the trial court's decision regarding the appellant's claim under the wrongful death act, MCL 600.2922(3); MSA 27A.2922(3), but remand for a determination of the estate's entitlement under § 2922(6).

On February 11, 1989, April Lindsey perished in a tragic fire. The appellee was appointed the personal representative of April's estate and she brought a wrongful death action against Has and Shrilekha Patel, the owners of the motel where

the fire occurred. The parties settled, and the appellee moved for authority to distribute the proceeds.

In her motion, the appellee proposed that she be awarded the entire amount of the settlement. The appellant intervened and claimed that as the decedent's father he suffered a loss of society and companionship that was compensable under the wrongful death act. MCL 600.2922; MSA 27A.2922. Appellant also claimed that as an heir under the laws of intestacy he was entitled to share in the proceeds distributed to the estate for the "pain and suffering, while conscious, undergone by" his daughter between the time of her injuries and her death. MCL 600.2922(6)(d); MSA 27A.2922(6)(d).

On November 20, 1990, an evidentiary hearing for authority to distribute was conducted. The appellee testified that she was with her two-year-old daughter when a fire broke out in their motel room. When awakened by the flames, the appellee held her daughter in her arms as she tried to open the motel room door. Because of the heat, she put her daughter on the floor to avoid getting her burned. When the appellee forced the door open, the dense smoke made it impossible for her to find her daughter. She ran into the courtyard for help and stood by helplessly as another guest and fire fighters unsuccessfully tried to rescue April.

Regarding the issue of damages, the appellee testified that April had always lived with her and that she had provided her daughter's food and clothing. She also testified that the appellant was not present at April's birth, provided no financial support during the pregnancy or thereafter, never took any legal steps to acknowledge paternity, and never visited his daughter or expressed any interest to do so.

In rebuttal, the appellant testified that he occa-

sionally contributed a few dollars, visited his daughter between twenty-five and fifty times in the first two years of her life, and would have visited more often were it not for the appellee's resistance. The appellant also testified that he was trying to build a father-daughter relationship and that he loved April.

After hearing the testimony, the trial court awarded the entire amount of the settlement to the appellee. The court concluded that the appellant had "almost completely shirked the duties of parenthood." Consequently, the court determined that he had no right to recover for loss of society or companionship.

In this appeal, the appellant argues that the trial court erred in determining that he was not entitled to recover any amount for the loss of his daughter's society and companionship and in disallowing proposed evidence of the cause of the fire. The appellant also argues that a conflict of interest arose when the same attorney represented the appellee in her individual capacity and in her capacity as the personal representative of the estate. According to the appellant, the conflict of interest was prejudicial because it prevented any of the proceeds of his daughter's wrongful death from being awarded to her estate. While we disagree with the appellant's first two arguments, we are concerned with the conflict of interest presented under these facts and believe that a remand for further proceedings is in order.

Michigan's wrongful death act, MCL 600.2922; MSA 27A.2922, provides for the distribution of proceeds to claimants who have suffered damages and also to the estate of the decedent for pain and suffering in an amount the court deems fair and equitable after considering the relative damages sustained by each of the persons and the estate. A

trial court's decision concerning the distribution of settlement proceeds is reviewed under the clearly erroneous standard. *In re Claim of Carr,* 189 Mich App 234, 238; 471 NW2d 637 (1991). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made. If the reviewing court determines that the trial court made a mistake, it will then substitute its own appraisal of the record and reduce damages or conditionally affirm the award. *Radloff v Michigan (On Remand),* 136 Mich App 457, 459; 356 NW2d 31 (1984).

A claim for loss of society and companionship under the wrongful death act addresses compensation for the destruction of family relationships that results when one family member dies. *Crystal v Hubbard,* 414 Mich 297, 326; 324 NW2d 869 (1982). The only reasonable means of measuring the actual destruction caused is to assess the type of relationship the decedent had with the claimant in terms of objective behavior as indicated by the time and activity shared and the overall characteristics of the relationship. *Carr, supra* at 239.

After reviewing the evidence, we believe that the trial court's award and its findings of fact were supported by the evidence. Although disputed, there was evidence that the appellant never contributed to the financial needs of his daughter, never visited his daughter or expressed any interest to do so, and never took any steps to assert his parental rights. In terms of objective behavior, as indicated by the time and activity shared, there is evidence in support of the trial court's conclusion that the appellant almost completely shirked his parental duties. Consequently, we have to agree with the trial court that the appellant failed to develop a family relationship from which damages

for the loss of his daughter's society and companionship could result.

With respect to the trial court's decision concerning the admissibility of evidence relating to the cause of the fire, we agree that the evidence was not relevant. Consequently, we find no abuse of discretion in the trial court's decision to exclude this evidence. *Rodriguez v Solar of Michigan, Inc,* 191 Mich App 483, 487; 478 NW2d 914 (1991).

In the appellant's final argument, he complains about a conflict of interest that arises when one attorney represents a person who serves as personal representative of an estate and has a claim against the estate. We agree that under the facts of this case a conflict of interest did arise and that that conflict may have prejudiced the appellant.

The personal representative is a fiduciary of the estate who is charged with settling and distributing the estate. The personal representative must use his authority in the best interest of the estate and in the interests of the parties. *Steinway v Bolden,* 185 Mich App 234, 237; 460 NW2d 306 (1990). A fiduciary stands in a position of confidence and trust with respect to the heirs. MCL 700.501; MSA 27.5501.

Under a provision of the wrongful death act, a personal representative is authorized to retain an attorney, MCL 700.543; MSA 27.5543, and the personal representative can be considered the lawyer's client for the purposes of ethical duties of loyalty, confidentiality, and conflicts. *Ethics Committee for the State of Michigan,* Opinion R-10. MRPC 1.2(a) and MRPC 1.4(b) require the lawyer to counsel the personal representative regarding specific fiduciary obligations owed to the beneficiaries of the estate. According to Opinion R-10, if the interests of the personal representative as claimant and as fiduciary are the same, the lawyer is

not prohibited from representing the personal representative in both capacities. However, under MRPC 1.7(a)(1) and 1.7(b)(2), dual representation is improper if representation of the claimant would adversely affect representation of the fiduciary.

In this case, the appellee, as the personal representative of her daughter's estate, had a fiduciary obligation to protect the best interests of the heirs who would be entitled to inherit under our laws of descent and distribution. This obligation included protection of the appellant's interest in the decedent's estate and was clearly at odds with the appellee's proposed distribution of the wrongful death proceeds, under which she would receive the entire amount to compensate her for the loss of society and companionship she suffered. Given these facts, a lawyer representing the personal representative as fiduciary and as claimant could not counsel the personal representative regarding specific fiduciary obligations owed to the beneficiaries of the estate without affecting the duties of loyalty and confidentiality owed to the personal representative as claimant.

Acceptance of the proposal for distribution submitted by the personal representative would prevent the distribution of any of the proceeds from the wrongful death settlement to the estate, provided of course that the estate has a claim for compensation on the basis of the pain and suffering endured by the decedent before her death, a claim that was not resolved at the distribution hearing. For this reason, we believe that a remand for an evidentiary hearing regarding the issue of the estate's claim under the wrongful death act is required. Up to this point, there has never been any decision regarding the pain and suffering experienced by the decedent just before her death and the relative damages sustained by each of the

claimants and the estate. We, of course, leave this determination to the trial court.

On remand, if an award is made to the decedent's estate, the amount of damages awarded to the appellee would have to be adjusted. The intestate heirs would then be entitled to assert their claims under the laws of intestacy. At this hearing, because we are convinced that the interests of the personal representative as claimant and as fiduciary would be adverse, dual representation would not be proper.

Affirmed in part and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

WHITE, P.J. I concur in the result only.