## BURGESS v CLARK

Docket No. 171335. Submitted November 22, 1995, at Lansing. Decided February 20, 1996, at 9:15 A.M.

Robert A. Burgess, as personal representative of the estate of his deceased daughter, Sherisa D. Burgess, brought a wrongful death action in the Tuscola Circuit Court against George W. Clark and Marjorie Clark. The parties accepted a $40,000 mediation evaluation against the defendants. The plaintiff thereafter submitted a proposed distribution of the settlement proceeds that made no provisions for payment of a funeral bill submitted by Clark Funeral Home, Inc., and for a share of the proceeds to Lisa Stearnes, the decedent's mother and the plaintiff's former wife. The court, Patrick R. Joslyn, J., approved the proposed distribution. Clark Funeral Home and Stearnes appealed.

The Court of Appeals *held:*

1. The trial court erred in determining that presentment of the bill from Clark Funeral Home was subject to, and did not comply with, the time requirements of the Probate Code. Because the wrongful death action was pending when the plaintiff published the notice for presentment of claims for damages and reimbursement against the estate, claims for reimbursement were subject to the time requirements of the wrongful death act, which provides that such claims must be presented on or before the hearing date on the motion for distribution of proceeds. The funeral bill was presented within the period provided by the wrongful death act. The matter must be remanded so that the trial court can consider the funeral bill in the distribution of the proceeds from the wrongful death action.

2. Stearnes executed a release in which she relinquished her right to participate in any wrongful death action against the Clarks. She is therefore not entitled to share in the settlement proceeds from the wrongful death action.

Affirmed in part, reversed in part, and remanded.

REFERENCES

Am Jur 2d, Death § 371.
See ALR Index under Death and Death Actions.

DEATH — WRONGFUL DEATH — CLAIMS FOR DAMAGES AND REIMBURSE-
    MENT AGAINST ESTATES.

  Where an action for the wrongful death of a decedent is pending,
    claims for damages and reimbursement against the decedent's
    estate must be presented to the personal representative of the
    estate on or before the hearing date on the motion for distribu-
    tion of the proceeds of the wrongful death action (MCL
    600.2922[7]; MSA 27A.2922[7]).

*Mossner, Majoros & Alexander, P.C.* (by *Brian E.
Jennings*), for Robert A. Burgess.

*Jack A. Weinstein,* for Clark Funeral Home, Inc.
and Lisa Stearnes.

Before: MARKMAN, P.J., and CORRIGAN and J. D.
PAYANT,* JJ.

CORRIGAN, J. Appellants Clark Funeral Home,
Inc., and Lisa Stearnes appeal as of right the order
distributing $40,000 in settlement proceeds in this
wrongful death action. We affirm in part, reverse
in part, and remand for further proceedings consis-
tent with this opinion.

In 1986, Sherisa Burgess was born to plaintiff
Robert A. Burgess and appellant Lisa Stearnes,
who divorced Burgess two years later. Sherisa died
in a house fire in 1989 while staying with defen-
dants George and Marjorie Clark, her maternal
grandparents. The Clarks, who own a funeral
home, provided funeral services totaling $5,467.59
for Sherisa.

The Clarks submitted a claim against their in-
surer, American States Insurance Company (ASIC),
for property damage from the fire. In 1990, the
Clarks settled their claim with ASIC for $120,000.
In December, 1990, Stearnes signed a release and
received $20,000 from the Clarks' settlement with

---

* Circuit judge, sitting on the Court of Appeals by assignment.

asic. In exchange, Stearnes released the Clarks and asic from any claims brought by her related to Sherisa's death.

Burgess, as personal representative of Sherisa's estate, later claimed an interest in the Clarks' insurance policy, and filed the instant wrongful death action against the Clarks. The Clarks and Stearnes received notice of that suit in January 1991. That same month, a publication notice appeared in the newspaper; the notice informed creditors that they had four months to present claims for damages and reimbursement against the estate. In September 1992, Burgess and the Clarks accepted a mediation award of $40,000 in the wrongful death action. On October 16, 1992, the Clarks sent a copy of their corporation's funeral bill to Burgess' counsel. The Clarks also filed a proof of claim in the probate court on January 27, 1993.

The parties dispute whether the Clarks timely filed their claim for reimbursement for the funeral bill. Under the Probate Code, creditors must present claims against the estate within four months of the publication notice. MCL 700.710; MSA 27.5710. Under the wrongful death act, creditors must present claims for reimbursement to the personal representative on or before the hearing date on the motion for distribution. MCL 600.2922(7); MSA 27A.2922(7).

Burgess submitted a proposed distribution on January 21, 1993, which did not include money for the funeral bill or money for Stearnes. The Clarks and Stearnes thereafter objected to the proposed distribution. The circuit court determined that the Clarks' claim for funeral expenses was untimely because they had not filed it in the probate court, or given notice to Burgess, within four months of the publication notice. The court also decided that

Stearnes' previous release barred her from receiving any of the $40,000 proceeds.

On appeal, the Clarks first argue that the Clark Funeral Home should have been reimbursed for its funeral bill out of the wrongful death action proceeds. The circuit court decided that the Clarks' claim was barred because they did not timely file a bill under the Probate Code, MCL 700.222; MSA 27.5222. The Clarks counter that the Probate Code does not apply, and that they timely filed their bill under the statute governing wrongful death actions, MCL 600.2922; MSA 27A.2922. Whether the Probate Code or the wrongful death act applies to this action is a question of law. This Court reviews questions of law de novo. *In re Lafayette Towers,* 200 Mich App 269, 273; 503 NW2d 740 (1993).

The conflict between the wrongful death act and the Probate Code was considered in *Roberts v Gateway Motel of Grand Rapids, Inc,* 145 Mich App 671; 377 NW2d 895 (1985). When citing both statutes, the *Roberts* Court merely stated: "We express no opinion regarding the potential conflicts inherent in the procedure for distribution of the proceeds of the wrongful death action." *Id.* at 678-679.

The more recent case of *In re Durbin Estate,* 205 Mich App 113; 517 NW2d 261 (1994), provides additional guidance. The parties in *Durbin* agreed that the Probate Code, rather than the wrongful death act, applied because no wrongful death action was pending when the personal representative filed the notice to present claims. *Id.* at 116. That circumstance suggests that the wrongful death act should govern here because Burgess' action was pending when he published the notice to present claims.

Also, both statutes address the conflict. The wrongful death act does so in the following subsec-

tion: "If a claim under this section is to be settled and a civil action for wrongful death is not pending under this section, the procedures prescribed in . . . the probate code . . . shall be applicable to the distribution of the proceeds." MCL 600.2922(9); MSA 27A.2922(9). Similarly, the Probate Code provides: "If a claim for wrongful death is pending in another court, the procedures prescribed in [the wrongful death act], shall be applicable to the distribution of proceeds of any settlement or judgment." MCL 700.222(g); MSA 27.5222(g). Because Burgess had filed a civil action for wrongful death, the wrongful death act, and not the Probate Code, would apply in this case under the above statutes.

The wrongful death act provides for the reimbursement of reasonable funeral and burial expenses. MCL 600.2922(6); MSA 27A.2922(6). After a personal representative files a motion to distribute the proceeds from a wrongful death action, the court should conduct a hearing. MCL 600.2922(6)(a), (b); MSA 27A.2922(6)(a), (b). After the hearing, the court should order payment of reasonable funeral and burial expenses. MCL 600.2922(6)(d); MSA 27A.2922(6)(d).

The Clarks contend that they timely filed their request for funeral expenses. The wrongful death act is silent on when a creditor must file a claim specifically for funeral expenses. The act states, however, that persons who may be entitled to damages under the act must present a claim to the personal representative on or before the hearing date on the motion for distribution. MCL 600.2922(7); MSA 27A.2922(7). The Clarks filed their claim soon after Burgess moved for the distribution of proceeds and months before the court held a hearing. Under the wrongful death act, the Clarks' claim was timely. Accordingly, we remand

this case to the circuit court for it to consider the Clarks' funeral bill under the wrongful death act.

Stearnes next argues that she should have been allowed to participate in the distribution of the wrongful death proceeds. We review a trial court's distribution of settlement proceeds under the clearly erroneous standard. *McTaggart v Lindsey*, 202 Mich App 612, 616; 509 NW2d 881 (1993). A decision is clearly erroneous when the reviewing court is left with a definite and firm conviction that a mistake has been made. *Id.*

Stearnes signed a release that stated in part that she

> hereby releases and forever discharges George Clark, Marjorie Clark, American States Insurance Company and each of its servants, agents, adjusters, attorneys and employees from any and all claims, debts, actions, cause of actions and demands whatsoever exist, which may exist, or which may exist in the future with regard to the death of the minor child [Sherisa] identified above during the fire of December 8, 1989.
>
> The undersigned accepts the above consideration set forth above in full compromise settlement, satisfaction and discharge of any and all liability as aforesaid.
>
> The undersigned represents that she has not participated in the establishment of an estate for [Sherisa] and affirms that she will not participate in the establishment of such an estate. Further, if for any reason an estate is established, the undersigned shall not participate, directly or indirectly, in the assertion of any claim by that estate regarding the death of [Sherisa] against George and/or Marjorie Clark and/or American States Insurance Company.

The language of the above release is not ambiguous. Where a release is unambiguous and unequiv-

ocal, the parties' intent as expressed in the release governs its scope. *Gramer v Gramer,* 207 Mich App 123, 125; 523 NW2d 861 (1994). The release clearly expresses Stearnes' intent to refrain from joining with Sherisa's estate to bring a claim against the Clarks regarding Sherisa's death. The proceeds at issue arose solely from the action brought by Burgess, as personal representative of Sherisa's estate, against the Clarks. Under the release, Stearnes agreed to forgo participation in such a suit. The trial court correctly found that Stearnes could not share in the settlement proceeds.

Stearnes finally argues that Burgess did not have standing to ask that the court enforce her signed release because he was not a party to it. We decline to rule on this issue because Stearnes did not raise it until this appeal and therefore did not preserve it for our review. *Garavaglia v Centra, Inc,* 211 Mich App 625, 628; 536 NW2d 805 (1995).

Affirmed in part, reversed in part, and remanded for further proceedings. We do not retain jurisdiction.