SZYMANSKI v BROWN

Docket No. 186642. Submitted December 10, 1996, at Grand Rapids. Decided February 7, 1997, at 9:25 A.M.

Walter Szymanski brought an action in the Emmet Circuit Court against David D. Brown, alleging intentional trespass and seeking treble damages pursuant to MCL 600.2919(1); MSA 28.2919(1) after the defendant, the owner of land adjoining the plaintiff's land, bull-dozed more than five hundred trees on the plaintiff's property to create shooting lanes and blinds for hunting deer. The defendant initially raised casual and involuntary trespass as an affirmative defense, but later withdrew the affirmative defense. Mediation resulted in an evaluation of $60,000 for the plaintiff, which the plaintiff accepted and the defendant rejected. The defendant offered to stipulate the entry of a $25,000 judgment for the plaintiff. The plaintiff made a counteroffer of $60,000, which the defendant rejected. The court, Charles W. Johnson, J., granted a motion in limine by the defendant to exclude all evidence not relevant to the issue of damages. A jury returned a verdict for the plaintiff, award-ing him $37,000. The court trebled the award to $111,000 pursuant to statute, denied the defendant's motion for a new trial or remitti-tur, denied the plaintiff's motion for sanctions under MCL 600.2591; MSA 27A.2591 and MCR 2.403, but awarded plaintiff sanctions under MCR 2.405. The defendant appealed, and the plaintiff cross appealed.

The Court of Appeals *held*:

1. The trial court did not abuse its discretion in denying the motion for a new trial, which motion was based on alleged miscon-duct by the plaintiff's counsel regarding comments to the jury and the introduction of evidence of the defendant's conduct. Most of the challenged comments and evidence were relevant to the issue of damages, and those that were not were inconsequential, not prejudicial, and mostly harmless. Any resultant harm was cured by the trial court's instructions to the jury about the relevance of such comments and evidence to the issue of damages.

2. The trial court correctly instructed the jury that it could com-pensate the plaintiff for the cost of restoration rather than the dimi-

nution of the value of his land, but that damages could not exceed the value of the property before the harm caused by the trespass.

3. The trial court abused its discretion in denying the motion for remittitur of the jury's award of damages. The only evidence regarding the value of the plaintiff's property consisted of an appraiser's valuation of $27,500. The matter must be remanded for a reduction of the jury's award of damages to $27,500.

4. The trial court correctly determined that sanctions were awardable to the plaintiff under the offer of judgment rule, MCR 2.405, rather than the mediation rule, MCR 2.403, because the defendant's rejection of the plaintiff's counteroffer of judgment came after the defendant's rejection of the mediation evaluation. The trial court correctly determined that the adjusted verdict in this case for purposes of awarding sanctions under MCR 2.405 was the trebled damages. Like a reduction of a damage award for the plaintiff's comparative negligence in a personal injury action, the enhancement of damages for trespass is a statutorily mandated adjustment triggered by a factual finding of intentional trespass. The use of a trebled damage award for the purpose of determining sanctions is faithful to the definition of "verdict" in MCR 2.403(O)(2) and 2.405(A)(5) as an award rendered by a jury.

5. The trial court did not abuse its discretion in granting the defendant's motion in limine concerning evidence of the intentional nature of the defendant's trespass and of the defendant's occupation as an insurance agent in light of the defendant's pretrial concession that the trespass had been intentional and because the defendant's occupation was irrelevant.

6. In denying the plaintiff's motion for sanctions pursuant to MCL 600.2591(1); MSA 27A.2591(1), the trial court did not clearly err in finding that the defense of casual and involuntary trespass was not frivolous. The defendant's decision to withdraw the defense does not necessarily imply that he never had any reasonable basis for believing that the facts underlying the defense were true. The defendant may have decided after discovery that he would have difficulty establishing the defense and it would be better to pay trebled damages rather than attempt to establish the defense.

Affirmed in part, reversed in part, and remanded.

1. TRESPASS — DAMAGES.

> Damages in an action for trespass generally are measured by the difference between the value of the land before the harm and the value after the harm, but there is no fixed, inflexible rule for determining appropriate compensation for the invasion of the interests of the owner; courts are to apply whatever approach is most appropriate to compensate the owner for the loss incurred, but the

award of damages may not exceed the value of the property before the harm.

2. PRETRIAL PROCEDURE — MEDIATION — OFFERS OF JUDGMENT — TRESPASS — TREBLED DAMAGES — ADJUSTED VERDICTS.

Damages for intentional trespass as trebled by a trial court pursuant to statute, not as actually awarded by a jury, constitutes the adjusted verdict for purposes of determining an award of sanctions against the defendant pursuant to the court rules governing mediation and offers of judgment (MCL 600.2919[1]; MSA 27A.2919[1]; MCR 2.403, 2.405).

*Ronald W. Powers*, for the plaintiff.

*Read & Sharp* (by *John W. Sharp* and *Douglas J. Read*), for the defendant.

Before: HOOD, P.J., and NEFF and M. A. CHRZANOWSKI* , JJ.

NEFF, J. In this action for intentional trespass, MCL 600.2919(1); MSA 27A.2919(1), defendant appeals as of right the trial court's judgment awarding plaintiff $111,000 in damages; denying defendant's motion for a new trial or, in the alternative, remittitur; and partially granting plaintiff's motion for attorney fees pursuant to the offer of judgment rule, MCR 2.405. Plaintiff cross appeals, challenging the trial court's exclusion of certain evidence and the denial of plaintiff's motion for sanctions pursuant to MCL 600.2591; MSA 27A.2591. We remand this case to the trial court for remittitur. In all other respects, we affirm.

I

Plaintiff and defendant own adjacent parcels of property in Emmet County. Plaintiff uses his property as a nature preserve and claims to derive aesthetic

---

* Circuit judge, sitting on the Court of Appeals by assignment.

and spiritual satisfaction from visiting the property and observing nature in a pristine state. In September 1991, defendant trespassed on plaintiff's land with a bulldozer and created two intersecting shooting lanes and blinds for the purpose of hunting deer. In doing so, defendant destroyed more than five hundred mature trees, removed topsoil, and otherwise scarred the earth.

Plaintiff filed an action for intentional trespass, seeking treble damages pursuant to statute. MCL 600.2919(1); MSA 28.2919(1). In response, defendant raised the affirmative defense that any trespass was causal [sic] and involuntary." Specifically, defendant stated that he had probable cause to believe that the land on which the trespass was committed was his own.

Discovery continued, and defendant eventually withdrew his affirmative defenses. Pursuant to a motion in limine by defendant, the trial court excluded all evidence not relevant to the issue of damages.

At trial, plaintiff presented evidence regarding the unique biological diversity on his property. Estimates regarding the cost of restoration ranged from $5,400 to $84,705. The jury assessed plaintiff's actual damages at $37,000. The trial court trebled this figure and entered judgment for $111,000.

II

Defendant first argues that the trial court abused its discretion in denying his motions for a mistrial and a new trial because plaintiff's counsel sought to inflame the jury by eliciting prejudicial testimony from witnesses and by making improper comments

during closing remarks. When reviewing such an argument, we must first determine whether the challenged conduct of the attorney was in fact error and, if so, whether it was harmless. *Reetz v Kinsman Marine Transit Co*, 416 Mich 97, 102-103; 330 NW2d 638 (1982).

> If the claimed error was not harmless, the court must then ask if the error was properly preserved by objection and request for instruction or motion for mistrial. If the error is so preserved, then there is a right to appellate review; if not, the court must still make one further inquiry. It must decide whether a new trial should nevertheless be ordered because what occurred may have caused the result or played too large a part and may have denied a party a fair trial. If the court cannot say that the result was not affected, then a new trial may be granted. Tainted verdicts need not be allowed to stand simply because a lawyer or judge or both failed to protect the interests of the prejudiced party by timely action. [*Id.*]

With these principles in mind, we now turn to defendant's allegations of misconduct.

Defendant argues that plaintiff's counsel violated the trial court's order on defendant's motion in limine by making comments and eliciting testimony regarding details of the bulldozing. We find no error here. The fact that defendant used a bulldozer, rather than some other form of tree removal, was relevant to the issue of damages because the bulldozer removed the topsoil necessary for regrowth and regeneration of the cleared area. Testimony regarding the weight and manufacturer of the bulldozer was not necessarily related to the issue of damages; however, evidence regarding these details was so inconsequential as to render harmless any error in its admission.

Defendant next argues that plaintiff's counsel improperly suggested to the jury that defendant was arrested by a deputy sheriff. The record does not support this assertion. To the contrary, plaintiff's brother merely testified that he saw defendant speak with the deputy who responded to plaintiff's call for assistance. Although this evidence is irrelevant to the issue of damages, its admission was harmless.

Defendant argues that he was prejudiced by plaintiff's counsel's statement, in the presence of the jury, that defendant had clear-cut his own property, leaving few trees for transplanting to plaintiff's land. It was proper for plaintiff to present evidence regarding the availability of native trees for transplanting; however, evidence of defendant clear-cutting his own property was irrelevant insofar as it suggested that defendant was a bad person. Nonetheless, any resultant prejudice was cured by the trial court's instruction to the jury that defendant's actions on his own property were not relevant to the issue of damages.

Defendant contends that plaintiff's references to a prior trespass on his property was unduly prejudicial. We disagree. There was no suggestion at trial that defendant was the person who previously chopped down some of plaintiff's trees. Moreover, the evidence was relevant to demonstrate the extent of damage done by defendant's use of a bulldozer, rather than a chain saw, to clear the trees on plaintiff's land. We find no error here.

Defendant next challenges the admission of evidence that he hunts deer and that he posted "no trespassing" signs on his own property. Although defendant's hunting activities were irrelevant, the brief reference was harmless. Any potential prejudice from

evidence regarding defendant's signs was cured by the trial court's prompt admonition to the jury that such evidence was irrelevant to the issue of damages.

Defendant argues that the closing remarks of plaintiff's counsel were so improper that defendant is entitled to a new trial. We disagree. It is without question that counsel erred in suggesting that the jury take into consideration the intentional nature of defendant's act when determining damages; however, the jury was properly instructed that its role was to compensate plaintiff, not to punish defendant. The jury was also instructed that it was to apply the law as stated by the trial court, not as represented by the arguments of counsel.

In sum, we conclude that the conduct of plaintiff's counsel did not deny defendant a fair trial. Accordingly, the trial court did not abuse its discretion in denying defendant's motions for a mistrial and a new trial.

III

Defendant challenges the following jury instruction regarding the proper measure of damages:

> It is your duty to determine the amount of money which reasonably, fairly and adequately compensates plaintiff for the harm done to his property. Generally damages in trespass to land are measured by the difference between the value of the land before the harm and the value of the land after the harm, but there is no fixed, inflexible rule for determining with mathematical certainty what sum shall fairly compensate plaintiff. That's for you to decide. You may consider the cost of repairing the damage done provided that a cost of repair award may not exceed the value of the property before the [in]jury. Whatever approach or approaches you choose to employ in determining the

amount of money to be awarded, your verdict must be solely to compensate the plaintiff for the harm done to his property and not to punish the defendant.

The determination whether a jury instruction is applicable and accurately states the law is within the discretion of the trial court. *Rice v ISI Mfg, Inc*, 207 Mich App 634, 636; 525 NW2d 533 (1994). Reversal is not required if, on balance, the theories and the applicable law were adequately and fairly presented to the jury. *Id.* We will not reverse as a result of an erroneous jury charge unless the failure to do so would be inconsistent with substantial justice. *Winiemko v Valenti*, 203 Mich App 411, 418; 513 NW2d 181 (1994).

Defendant argues that the trial court erred in instructing the jury that it had the option of compensating plaintiff for restoration costs rather than using a diminution in value method. Damages in an action for trespass to land generally are measured by the difference between the value of the land before the harm and the value after the harm. *Schankin v Buskirk*, 354 Mich 490, 494; 93 NW2d 293 (1958). However, there is no one fixed, inflexible rule for determining the appropriate sum that will compensate a landowner for the invasion of his interests. Rather, courts are to apply whatever approach is most appropriate to compensate the plaintiff for the loss incurred. *Id.; Thiele v Detroit Edison Co*, 184 Mich App 542, 545; 458 NW2d 655 (1990).

Where, as here, the property destroyed has a unique value of its own, it is appropriate to consider the value of the trees themselves to the contemplated or existing uses of the land, including the cost of replacement or restoration. *Schankin, supra* at 496. The measure of damages under this theory, however,

must not exceed the value of the property before the injury. *Kratzke v Independent Order of Oddfellows*, 442 Mich 136, 149; 500 NW2d 115 (1993). The trial court's instruction to the jury properly included this limitation.

We find no error in the trial court's instruction to the jury.

IV

Defendant next argues that the trial court erred in denying his motion for remittitur because the jury's award of $37,000 exceeded the market value of the property. When presented with a motion for remittitur, the trial court must determine whether the jury's award is supported by the evidence. *Snell v UACC Midwest, Inc*, 194 Mich App 511, 517; 487 NW2d 772 (1992). We review a trial court's decision to deny a motion for remittitur for an abuse of discretion. *Scott v Illinois Tool Works, Inc*, 217 Mich App 35, 45; 550 NW2d 809 (1996). An abuse of discretion exists where an unprejudiced person, considering the facts on which the trial court made its decision, would conclude that there was no justification for the ruling made. *Phillips v Deihm*, 213 Mich App 389, 394; 541 NW2d 566 (1995).

The only evidence regarding the market value of plaintiff's property was presented by real estate appraiser William Couture, who determined that the market value of plaintiff's property was $27,500. Although Couture acknowledged that a seller's reluctance to sell could increase the actual selling price, he maintained that the property's market value would remain unchanged. Because the jury's award of $37,000 is unsupported by the evidence, we remand

this case for remittitur in the amount of $9,500, thus reducing the jury's award of actual damages to $27,500. MCR 2.611(E)(1).

V

Defendant next argues that the trial court erred in awarding offer of judgment sanctions pursuant to MCR 2.405(D). We disagree.

A

In September 1993, a mediation panel unanimously evaluated this matter at $60,000 for plaintiff. Plaintiff accepted the mediation evaluation, and defendant rejected it. In December 1993, defendant offered to stipulate the entry of judgment in the amount of $25,000. Plaintiff made a counteroffer of judgment in the amount of $60,000, which defendant rejected. The jury assessed plaintiff's actual damages at $37,000. The trial court trebled this figure, pursuant to MCL 600.2919(1); MSA 27A.2919(1), to $111,000.[1]

Plaintiff filed a motion for mediation sanctions pursuant to MCR 2.403, arguing that the jury's verdict, as trebled, was not more favorable to defendant than the mediation evaluation he rejected. The trial court correctly noted that sanctions, if any, were to be awarded pursuant to MCR 2.405 (offer of judgment rule) rather than MCR 2.403 (mediation rule) because defendant rejected plaintiff's counteroffer of judgment after the rejection of the mediation evaluation. MCR 2.405(E).

---

[1] We have already determined that the jury's award of actual damages must be reduced to $27,500, the highest amount supported by the evidence. MCR 2.611(E)(1). Trebled pursuant to statute, the resultant judgment will be $82,500. MCL 600.2919(1); MSA 27A.2919(1).

Where an offer is rejected, "[i]f the adjusted verdict is more favorable to the offeror than the average offer, the offeree must pay to the offeror the offeror's actual costs incurred in the prosecution or defense of the action." MCR 2.405(D)(1). "Verdict" is defined as "the award rendered by a jury or by the court sitting without a jury, excluding all costs and interest." MCR 2.405(A)(4). "Adjusted verdict" is defined as "the verdict plus interest and costs from the filing of the complaint through the date of the offer." MCR 2.405(A)(5).

B

In determining whether offer of judgment sanctions were appropriate, the trial court determined that the "verdict" was $111,000, the amount of actual damages determined by the jury, trebled pursuant to MCL 600.2919(1); MSA 27A.2919(1). On appeal, defendant argues that the court should have used the jury's verdict of $37,000, rather than the trebled damage award, when determining whether the "adjusted verdict" was more favorable to defendant than the average offer of $42,500. We disagree.

We review a trial court's interpretation of a court rule de novo. *Saint George Greek Orthodox Church of Southgate v Laupmanis Associates, PC,* 204 Mich App 278, 282; 514 NW2d 516 (1994). Interpretation of a court rule is subject to the same basic principles that govern statutory interpretation. *Smith v Henry Ford Hosp,* 219 Mich App 555, 558; 557 NW2d 154 (1996). A court rule should be construed in accordance with the ordinary and approved usage of the language in light of the purpose of the court rule. *Id.*

C

Defendant argues that the term "verdict" as defined in both MCR 2.403(O)(2) and MCR 2.405(A)(4) excludes modifications to the verdict such as the trebling of damages. In support of this argument, defendant notes that an adjusted verdict does not include deductions of any setoff paid by joint tortfeasors, *Hall v Citizens Ins Co*, 141 Mich App 676; 368 NW2d 250 (1985), or a reduction of future damages to present value, *Frank v William A Kibbe & Associates, Inc*, 208 Mich App 346, 354; 527 NW2d 82 (1995).

Defendant's reliance on these cases is misplaced. Deductions of setoffs paid from collateral sources and reductions of future damages to present value are actions taken by the trial court independent of any factual finding by the jury. In contrast, the trial court trebles actual damages for trespass because the jury has found that the defendant's trespass was intentional. MCL 600.2919(1); MSA 27A.2919(1).[2] Like a reduction of a personal injury damage award in accordance with the jury's finding of comparative fault, see *Klinke v Mitsubishi Motors Corp*, 219 Mich App 500, 518; 556 NW2d 528 (1996), the enhancement of a trespass damage award is a statutorily mandated adjustment triggered by a factual finding. Accordingly, the use of a trebled damage award for the purpose of determining sanctions is faithful to the court rules' definition of "verdict" as an award rendered by a jury. MCR 2.403(O)(2); 2.405(A)(5).

---

[2] The fact that the jury in the present case was not presented with the issue whether defendant's actions were intentional (because defendant admitted the intentional nature of the trespass) does not change our analysis.

We thus conclude that the trial court correctly used the trebled damage figure in determining whether plaintiff was entitled to sanctions under MCR 2.405.

VI

Plaintiff raises the following issues on cross appeal, none of which merits reversal.

A

Plaintiff argues that the trial court erred in granting defendant's motions to exclude evidence not pertaining to the sole issue of damages. We disagree.

Relevant evidence is generally admissible. MRE 402. "Relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. A trial court's decision to admit or exclude evidence is reviewed for an abuse of discretion. *Haberkorn v Chrysler Corp*, 210 Mich App 354, 361; 533 NW2d 373 (1995).

Here, plaintiff sought to present evidence regarding the intentional nature of defendant's conduct on plaintiff's property and also wanted the jury to be aware that defendant was an insurance agent. Before trial, defendant admitted that his trespass on plaintiff's property was intentional, thus entitling plaintiff to treble damages. MCL 600.2919(1); MSA 27A.2919(1). Consequently, there was no need for the jury to have any evidence regarding the intentional nature of defendant's conduct, such as the facts surrounding the trespass itself, except as it related to the issue of assessing actual damages. Moreover, we fail to see how defendant's occupation was relevant to

the issue of plaintiff's actual damages. The exclusion of the offered evidence was not an abuse of discretion.

### B

Plaintiff also challenges the trial court's denial of his motion for sanctions pursuant to MCL 600.2591(1); MSA 27A.2591(1), which requires the imposition of sanctions if the trial court finds that an action or defense was frivolous. Specifically, plaintiff insists that because defendant eventually withdrew his affirmative defense that his acts were "casual and involuntary," the defense was necessarily frivolous. We disagree.

A defense is frivolous if one of the following conditions is met:

> (i) The party's primary purpose in initiating the action or asserting the defense was to harass, embarrass, or injure the prevailing party.
>
> (ii) The party had no reasonable basis to believe that the facts underlying that party's legal position were in fact true.
>
> (iii) The party's legal position was devoid of arguable legal merit. [MCL 600.2591(3)(a); MSA 27A.2591(3)(a).]

We will not disturb a trial court's finding that a claim or defense was frivolous unless the finding is clearly erroneous. *State Farm Fire & Casualty Co v Johnson*, 187 Mich App 264, 268-269; 466 NW2d 287 (1990). A decision is clearly erroneous if this Court is left with a definite and firm conviction that a mistake has been made. *Burgess v Clark*, 215 Mich App 542, 547; 547 NW2d 59 (1996).

In the present case, the trial court denied plaintiff's motion for sanctions, stating that defendant's withdrawal of his affirmative defense may have been a

tactical decision. We agree that defendant's decision to withdraw his affirmative defense of involuntary and casual trespass does not necessarily imply that defendant never had any reasonable basis for believing that the facts underlying this defense were true. To the contrary, defendant may have decided, after discovery was completed, that he would have difficulty proving his affirmative defense and that it was more economical to pay treble damages than to attempt to establish the defense. The trial court's finding was not clearly erroneous.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.