*In re* KUBISKEY ESTATE
MUNSON v KUBISKEY

Docket No. 208130. Submitted March 3, 1999, at Grand Rapids. Decided June 25, 1999, at 9:55 A.M.

Richard Kubiskey, as personal representative of the estate of Matilda M. Kubiskey, deceased, petitioned the Manistee County Probate Court, seeking approval of a wrongful death settlement resulting from a hospital's alleged medical malpractice with regard to the decedent and approval of the distribution of the proceeds proposed by the petitioner. Respondent Kim Munson, a granddaughter of the deceased, filed an affidavit in which she requested that she be awarded twenty-five percent of the proceeds, instead of none of the proceeds as proposed by the petitioner. The petitioner, one of the decedent's three surviving children, presented evidence during a hearing that there had been a breakdown in the relationship between the respondent and the decedent during the final thirteen years of the decedent's life. The respondent presented no evidence and, instead, moved to amend her objection to the proposed distribution to request one hundred percent of the proceeds. The respondent alleged that she was the only interested party entitled to a share because she was the only person that presented a formal claim for damages to the personal representative. The court, John R. Devries, J., issued an opinion and order granting the petition to settle the claim and distribute the proceeds in the manner proposed by the petitioner. The respondent appealed.

The Court of Appeals *held*:

Presentment of a claim for damages is not a prerequisite to receiving a share of the proceeds of a wrongful death settlement under § 222 of the Revised Probate Code, MCL 700.222; MSA 27.5222. The probate court did not clearly err in approving the distribution of proceeds proposed by the petitioner.

Affirmed.

DECEDENTS' ESTATES — WRONGFUL DEATH ACTIONS — DISTRIBUTION OF PROCEEDS — PRESENTATION OF CLAIMS.

Subsection 222(f) of the Revised Probate Code provides that as a consequence of an interested party's failure to present a claim for damages to the personal representative of a decedent's estate on or

before the date set for the hearing regarding the personal represen-
tative's petition for distribution of the proceeds of a wrongful death
action involving the decedent, the interested party is barred from
making a claim to any of the proceeds; section 222 does not pro-
vide that interested parties must make a claim in order to receive a
distribution of the proceeds, which is governed by subsection
222(d); the presentment of a claim for damages is not a prerequi-
site to receiving a share of the proceeds of a wrongful death settle-
ment under § 222 (MCL 700.222[d], [f]; MSA 27.5222[d], [f]).

*Jensen & Stuart* (by *D. Scott Stuart* and *Joseph L.
Milanowski*), for the petitioner.

*Hollander & Tocco, PLC* (by *Stuart J. Hollander*),
for the respondent.

Before: HOLBROOK, JR., P.J., and MURPHY and TALBOT,
JJ.

PER CURIAM. Respondent appeals as of right from a
probate court order granting petitioner leave to dis-
tribute the proceeds of a wrongful death settlement.
We affirm.

Matilda Kubiskey died intestate at West Shore Hos-
pital on December 28, 1996, after medication intended
for another patient was inadvertently administered to
her. This case involves the distribution of the
$143,000 proceeds of a wrongful death settlement
resulting from the hospital's alleged medical malprac-
tice. Petitioner Richard Kubiskey, son of the
deceased, was appointed personal representative of
the estate. On September 22, 1997, petitioner, as per-
sonal representative of the estate, sought leave of the
court to settle the wrongful death claim and to dis-
tribute the proceeds. The petition identified the per-
sons who might be entitled to a share of the damages,
including respondent, and set forth the relative shares
that petitioner proposed be awarded to each. Peti-

tioner proposed that $500 be awarded to each of the deceased's seven great-grandchildren, that $1000 be awarded to six of the deceased's grandchildren, and that the balance of the proceeds be divided equally between the deceased's three living children.

The deceased bore four children during her lifetime. Her eldest child, Carol Munson, died in 1976. Respondent Kim Munson is the daughter of Carol Munson and granddaughter of the deceased. Petitioner proposed that respondent receive no share of the proceeds of the wrongful death settlement. On October 3, 1997, respondent filed an affidavit with the probate court in which she requested that she be awarded twenty-five percent of the proceeds. In her affidavit, respondent explained that she left the city of Manistee for California in 1979 to pursue a career in the film industry. She kept in touch with the deceased (who gave her money on occasion) until 1983, when an argument severed their relationship. Because she had recently renewed a relationship with one of her cousins, respondent believed that she would also have renewed her relationship with her grandmother were it not for her grandmother's untimely death.

A hearing regarding the petition for leave to settle the wrongful death claim and distribute the proceeds was held on October 16, 1997. During the hearing, petitioner testified that he discussed the distribution of the proceeds at great length with his two surviving siblings. With regard to respondent's share, petitioner testified as follows in response to questions asked by petitioner's counsel:

> *Q.* And you've also indicated that one of the grandchildren, Kim Munson, is not to receive any money.

*A.* Yes.

*Q.* Since that is going to be a subject of contention here today, I ask that you explain this briefly to the Judge, why it is that you have decided on behalf of the estate and on behalf of the family not to give any money to Kim Munson?

*A.* I believe it was my mother's wishes. She had no contact from 1983 when my father passed away. They had an argument. Kimmy wanted more money. My mother wouldn't send her any. That was the last she heard from her. There were no cards, no birthday cards, no Christmas cards, nothing. And, I know Kimmy was here in town over the years. She spent a month here, but there was no contact.

*Q.* What's your basis for saying that you didn't think that your mother would want Kimmy to get any money?

*A.* She didn't want Kimmy notified that she was in the hospital.

The deceased's sister-in-law also testified regarding the breakdown of the relationship between respondent and the deceased.

Respondent presented no evidence at the hearing. Instead, respondent's counsel moved to amend respondent's objection to the proposed distribution to request one hundred percent of the proceeds. Relying on subsection 222(f) of the Revised Probate Code (RPC), MCL 700.222(f); MSA 27.5222(f), respondent's counsel argued that respondent was the only interested party entitled to receive a share of the proceeds, because she was the only person to have presented a formal claim for damages to the personal representative. Petitioner's counsel explained in response that he had been working with the family for "eight or ten months," and that "the distribution was developed through some serious long negotiations." He then offered to call every one of the proposed recipients to the witness stand to testify that they wished to "claim" a share of the proceeds. He

also argued that formal claims were not necessary because "just about every family member" had formally consented to the petition for leave to settle the claim and distribute the proceeds and waived notice of the hearing.[1] After considering the parties' arguments, the probate court admitted that it was not familiar with the statute at issue and decided to take respondent's motion under advisement. Petitioner's proffered witnesses were never called. One month later, the probate court issued an opinion rejecting respondent's argument. The court reasoned that "written" claims for damages were "not necessary considering the waivers and consents filed after notice of the intended distribution."

On appeal, respondent first argues (1) that a formal claim for damages is required to receive a distribution of the proceeds of a wrongful death settlement under § 222 of the RPC, and (2) that the probate court erred in its determination that the actions of the personal representative and the other interested persons satisfied the requirements of the statute. We disagree. The first part of respondent's argument on appeal presents a question of statutory interpretation to be reviewed

---

[1] On the day of the hearing, petitioner filed "Waiver/Consent" forms signed by each of the grandchildren and great-grandchildren above the age of majority, including respondent. (Respondent had earlier withdrawn her waiver and consent when she filed the affidavit claiming a right to share in the distribution of the settlement proceeds.) Six of the seven great-grandchildren were minors represented by a guardian ad litem at the distribution hearing. On October 27, 1997, the guardian ad litem filed a statement approving the proposed distribution. Petitioner's two siblings filed "Waiver/Consent" forms at the initiation of the probate proceedings indicating their consent to the appointment of petitioner as the personal representative and waiving notice to "any and all" hearings regarding the estate.

de novo. See *Rose Hill Center, Inc v Holly Twp*, 224 Mich App 28, 32; 568 NW2d 332 (1997).

In support of her contention that an interested party must present a formal claim for damages to the personal representative in order to receive a share of the proceeds under § 222, respondent relies heavily on the lead opinion released in *In re Durbin Estate*, 205 Mich App 113; 517 NW2d 261 (1994). That opinion lacks precedential significance, however, because it was signed by only one judge. *Terzano v Wayne Co*, 216 Mich App 522, 529-530; 549 NW2d 606 (1996); see also *Fogarty v Dep't of Transportation*, 200 Mich App 572, 574-575; 504 NW2d 710 (1993) (explaining that where a majority reaches a decision, but does not agree on the underlying reasoning, no point of law is established by the decision). Accordingly, we are faced with what is, in effect, an issue of first impression.

Because there was no civil action pending under the wrongful death act, the distribution of the settlement proceeds was governed by § 222 of the RPC. See MCL 600.2922(9); MSA 27A.2922(9); *Burgess v Clark*, 215 Mich App 542, 545-546; 547 NW2d 59 (1996). Respondent relies on subsection 222(f), which provides as follows:

> A person who may be entitled to damages under this section must present a claim for damages to the personal representative on or before the date set for hearing on the petition for distribution of the proceeds. The failure to present a claim for damages within the time provided shall bar the person from making a claim to any of the proceeds. [MCL 700.222(f); MSA 27.5222(f).]

The goal of statutory interpretation is to identify and give effect to the intent of the Legislature. *Turner v*

*Auto Club Ins Ass'n,* 448 Mich 22, 27; 528 NW2d 681 (1995); *Farrington v Total Petroleum, Inc,* 442 Mich 201, 212; 501 NW2d 76 (1993). The first step in ascertaining such intent is to focus on the specific language of the statute. *Turner, supra* at 27. The Legislature is presumed to have intended the meaning it plainly expressed. *McFarlane v McFarlane,* 223 Mich App 119, 123; 566 NW2d 297 (1997). Thus, if statutory language is clear and unambiguous, further judicial construction is neither necessary nor permitted, and the language must be applied as written. See *Turner, supra* at 27; *Lorencz v Ford Motor Co,* 439 Mich 370, 376; 483 NW2d 844 (1992).

With respect to subsection 222(f) of the RPC, we agree with the general position advocated by the dissenting judge in *Durbin, supra* at 119-122 (E. C. PENZIEN, J. dissenting). The Legislature has plainly provided that the consequence of an interested party's "failure to present a claim for damages within the time provided" is that the interested party is barred from *"making a claim* to any of the proceeds." (Emphasis added.) "Making a claim" for proceeds is not the same thing as "receiving a distribution" of proceeds, and nowhere in § 222 does it provide that interested parties must "make a claim" in order to receive a distribution of the proceeds. The distribution of proceeds is governed by subsection 222(d):

> After a hearing on the petition of the personal representative, the court shall order payment from the proceeds of the reasonable medical, hospital, funeral, and burial expenses of the decedent for which the estate is liable. The proceeds shall not be applied to the payment of any other charges against the estate of the decedent. The court shall then enter an order distributing the proceeds to those persons designated in section 2922(3) of the revised judicature act

of 1961, Act No. 236 of the Public Acts of 1961 who suffered damages and to the estate of the deceased for compensation for conscious pain and suffering, if any, in the amount as the court considers fair and equitable considering the relative damages sustained by each of the persons and the estate of the deceased. [MCL 700.222(d); MSA 27.5222(d).]

By the clear language of the statute, the only prerequisites that must be met in order to receive a share of the proceeds are (1) designation in subsection 2922(3) of the Revised Judicature Act, MCL 600.2922(3); MSA 27A.2922(3), and (2) damages. Respondent's interpretation of subsection 222(f) of the RPC would effectively add a third requirement to subsection 222(d), that being the presentment of a claim for damages. See *Durbin, supra* at 119-120 (E. C. PENZIEN, J., dissenting). This interpretation does not render subsection 222(f) mere surplusage. By barring interested parties who fail to present a claim within the time provided from thereafter making a claim, subsection 222(f) lends a substantial degree of finality to the distribution process, because it prevents notified interested parties from making claims for damages after the proceeds have been distributed.

Because we now hold that the presentment of a claim for damages is not a prerequisite to receiving a share of the proceeds of a wrongful death settlement under § 222 of the RPC, we need not address respondent's contention that the trial court erred in its conclusion that the other interested parties satisfied the "requirements" of subsection 222(f).

Respondent next argues that the probate court erred in approving the distribution of proceeds proposed by petitioner. We disagree. An order distributing the proceeds of a wrongful death settlement is

reviewed for clear error. See *McTaggart v Lindsey*, 202 Mich App 612, 615-616; 509 NW2d 881 (1993). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made. *Id.*

Here, it is undisputed that respondent had no relationship whatsoever with the deceased during the final thirteen years of the deceased's life. Moreover, petitioner testified that during that thirteen-year period respondent made no effort to contact the deceased in any way. Respondent presented no evidence at the distribution hearing. Given the circumstances, we cannot say that the probate court's determination was clearly erroneous. Cf. *McTaggart, supra* at 616-617.

Affirmed.