*In re* GUARDIAN AD LITEM FEES

Docket No. 186251. Submitted October 9, 1996, at Detroit. Decided December 27, 1996, at 9:10 A.M.

Martha Meagher, as personal representative of the estate of John Meagher, brought a wrongful death action in the Wayne Circuit Court against Henry Ford Hospital. The parties settled the action for $70,000. Upon the plaintiff's motion for distribution of the settlement proceeds, the court, Kathleen MacDonald, J., on its own motion, appointed attorney Carole L. Chiamp as guardian ad litem for the two minor children of the decedent and the plaintiff. The court eventually approved distributions of $20,000 to the plaintiff's attorney, Eric J. McCann, who agreed to that amount as his reduced contingent fee inclusive of costs, $30,000 to the plaintiff, $10,000 to the older minor, and $10,000 to the younger minor to be invested in an annuity to be held jointly by the plaintiff and that minor. Chiamp disapproved of the joint ownership of the annuity, fearing adverse income tax consequences to the younger minor, but nonetheless acknowledged that the court could approve the distribution at its discretion. The court made no provision for the payment of Chiamp's fees as guardian ad litem. Chiamp sent an itemized bill to McCann for her fees as guardian ad litem and filed a motion seeking its payment. Following a hearing at which Chiamp agreed to accept a reduced fee of $1,000, the court ordered McCann to pay that amount to Chiamp. McCann appealed.

The Court of Appeals *held*:

1. The fact that McCann was not a party to the wrongful death action does not mean that the trial court lacked jurisdiction over him to order him to pay the fees of the guardian ad litem. The wrongful death act, MCL 600.2922(5), (6); MSA 27A.2922(5), (6), required the trial court to hold a hearing and approve the distribution of the proceeds of any settlement. MCR 8.121(C) also obliged the trial court to determine what costs may be charged against the settlement.

2. The trial court did not abuse its discretion in treating the fees of the guardian ad litem as costs. The court rules do not provide that a guardian ad litem must be an attorney.

3. McCann was not deprived of due process. He had adequate prior notice of the hearing relating to Chiamp's motion for payment of her fees as guardian ad litem and was accorded an opportunity at the hearing to contest the reasonableness of Chiamp's fee.

Affirmed.

MICHAEL J. KELLY, P.J., concurring in the result, stated that the trial court may have contributed to the animosity between the attorneys by failing to make provision for payment of the fees of the guardian ad litem and that some of the concerns of the guardian ad litem concerning the tax consequences of the annuity were unwarranted.

COSTS — GUARDIAN AD LITEM FEES — WRONGFUL DEATH ACTIONS — SETTLEMENTS.

The fees of an attorney serving as the guardian ad litem for a decedent's surviving minor child in a wrongful death action may be treated as costs for purposes of distributing the proceeds of a settlement and determining the contingent fee of the plaintiff's attorney (MCL 600.2922[5], [6]; MSA 27A.2922[5], [6]; MCR 8.121[C]).

*Eric J. McCann, P.C.* (by *Eric J. McCann*), for the appellant.

*Chiamp & Associates, P.C.* (by *Carole L. Chiamp*), for the appellee.

Before: MICHAEL J. KELLY, P.J., and CORRIGAN and H. D. SOET,\* JJ.

H. D. SOET, J. This is a wrongful death action grounded on allegations of medical malpractice. The original parties are not involved in this appeal. Appellant is plaintiff's attorney. Appellee is the guardian ad litem appointed by the court to report relative to the best interests of the minor next of kin at the hearing regarding distribution of the settlement proceeds. Appellant raises objections to the trial court's order directing him to pay the fees of the guardian ad litem. We affirm.

---

\* Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiff's decedent, John Meagher, died in defendant Henry Ford Hospital on October 15, 1990, of peritonitis secondary to a perforation of the colon despite heroic efforts involving surgical intervention. This action was commenced on August 13, 1992, by Martha Meagher, decedent's widow, on behalf of herself and decedent's two minor sons who constituted all the decedent's next of kin, under the Michigan wrongful death act, MCL 600.2922; MSA 27A.2922. After discovery and mediation, the case was settled for $70,000. Plaintiff's counsel, Eric J. McCann, agreed to charge a reduced contingency fee and accept $20,000 to cover all fees and expenses, the balance of $50,000 to be paid to decedent's widow, Mrs. Meagher. No distribution to the minor next of kin was made, no hearing regarding distribution was held as required by the wrongful death act, MCL 600.2922(5) and (6); MSA 27A.2922(5) and (6), and the action was dismissed by the court on November 5, 1993. An order approving the settlement and authorizing the personal representative to sign the release was also entered on that date. Eleven months later, after a delay for which the record provides no explanation, appellant filed on behalf of plaintiff a motion for authority to distribute the proceeds. The trial court, to comply with MCL 600.2922(6)(c); MSA 27A.2922(6)(c), on its own motion appointed appellee Carole L. Chiamp as guardian ad litem for the minor next of kin. Appellee contacted Mrs. Meagher to discuss the distribution and discovered that the monies had already been distributed and Mrs. Meagher had received the $50,000. She reported this fact to the court.

Without going into the allegations of impropriety and lack of courtesy that both parties before this court assert, it is fair to say that a dispute arose between appellant, plaintiff's attorney, and the appellee guardian ad litem over the appropriate way of distributing the settlement proceeds. It was agreed, however, that the $70,000 would be distributed by paying appellant $20,000 to cover all attorney fees and costs, $30,000 to decedent's widow and .$10,000 each to the minor next of kin. The elder minor was to have the money simply placed in an interest-bearing account while the proceeds payable to the younger child were to be placed in an annuity. The annuity would be payable as the child reached an age appropriate to commence a college education. Unfortunately, the annuity was purchased in the name of both Mrs. Meagher and the minor child, to which the guardian ad litem objected because it would be payable before Mrs. Meagher was 59½ years of age with resulting potential tax consequences that would not have arisen had it been titled solely in the name of the minor. On October 21, 1994, a hearing was held to determine the appropriate distribution of the proceeds. Appellant and appellee were both present and decedent's widow, Mrs. Meagher, testified. The guardian ad litem indicated that while she could not approve the form of the settlement because the annuity for the younger child was titled jointly, she believed Mrs. Meagher, a schoolteacher, was a trustworthy person who intended to use all the proceeds from the settlement for the education of her two sons and that the court could, in its discretion, approve it. By order dated December 1, 1994, the distribution was approved. No

provision was made for payment of the fees of the guardian ad litem.

After the hearing, appellee sent appellant a bill for her services as guardian ad litem in the sum of $1,171.30. There is a dispute over whether the guardian ad litem offered to accept $500 in settlement. There is no dispute that the bill was not paid. Appellant objected to the amount of the bill and the attorney's hourly rate of $225. On February 3, 1995, appellee filed a motion for payment of the guardian ad litem fee, attaching to it a bill itemized by date and service, which totaled $1,171.30, including $6.30 in costs. On May 12, 1995, a hearing was held with appellee present and appellant represented by an associate in his firm. Appellee suggested that she would be willing to accept $1,000 to settle the bill. She stated that with that hearing her bill exceeded $1,400. She agreed that the bill was very high but attributed this to appellant's lack of cooperation and mishandling of the settlement of the case. She stated that her fees as guardian ad litem usually were only a few hundred dollars. She suggested that payment of the fee be divided between appellant and the next of kin. Appellant's associate asked for another hearing at which appellant could be present to contest the amount of the fees. The trial court ordered the appellant to pay the entire $1,000 fee and stated that fees in this amount would not have been incurred if appellant had handled the matter properly. The order directing appellant to pay the $1,000 guardian ad litem fee forthwith was entered on May 12, 1995. This appeal followed.

Appellant first contends that the court lacks jurisdiction over him and cannot order him to pay the fees

because he is not a party to the action. Under the Michigan wrongful death act, the trial court is required to hold a hearing and approve the distribution of the proceeds of any settlement. MCL 600.2922(5) and (6); MSA 27A.2922(5) and (6). The court also has the obligation under MCR 8.121(C), which requires that contingency fees be computed "after deducting from the amount recovered all disbursements *properly* chargeable to the enforcement of the claim," to determine what costs may be charged against the settlement. See also *Morris v Detroit*, 189 Mich App 271; 472 NW2d 43 (1991).

A question arises regarding whether the fees of the guardian ad litem are attorney fees or are costs. The trial court treated them as costs of enforcing or prosecuting the claim. The parties during argument stated that trial courts sometimes treat the fees of a guardian ad litem as attorney fees and sometimes as costs. We note that a guardian ad litem need not be an attorney. Nothing in MCR 2.201 relating to representation of minors in circuit court litigation requires it. Neither does probate court rule MCR 5.201 mandate that a guardian ad litem be an attorney. Rule 5.201(E)(1) specifically states in part:

(1) *When* the guardian ad litem appointed to represent the interest of a person is an attorney, that appointment does not create an attorney-client relationship. [Emphasis added.]

We conclude that the trial court did not abuse its discretion in considering the fee of the guardian ad litem to be a cost payable upon distribution of the proceeds of a wrongful death action.

Appellant also contends that he was denied due process of law under the United States and Michigan Constitutions because he has been deprived of property by the court's order directing him to pay the guardian ad litem fees. This issue is without merit. The motion for payment of the guardian ad litem fees was filed on February 3, 1995, with hearing set for March 10, 1995. It was adjourned to May 5, 1995. Appellant had three months' notice of hearing. He received with the motion an itemized statement. He admits knowing the hourly rate being charged. He admits agreeing to pay all costs from his share of the proceeds. He was represented at the hearing. The hearing had been set to determine the reasonableness of the fee being requested and also to determine how that fee would be paid. The fact that he failed to appear for the hearing or produce testimony relative to the reasonableness of the bill does not mean that he has been denied due process or that the trial court erred in failing to grant him some further extension of time.

Appellee filed a motion for sanctions for vexatious appeal pursuant to MCR 7.216(C)(1)(b), which this Court denied. Appellant's brief indulged in personal attacks on both appellee and the trial court frequently based upon facts not in the record on appeal. While such conduct is to be deprecated, appellant did raise a justiciable issue relative to the nature of the guardian ad litem fee and the appropriateness of its being granted as a cost under the Michigan wrongful death act. For that reason, the motion was denied. We would urge appellant in the future to base his appellate arguments on facts contained in the record.

Affirmed.

CORRIGAN, J., concurred.

MICHAEL J. KELLY, P.J. (*concurring*). I concur in the result, but am a little less certain about the precipitating cause for the heat generated between these attorneys because I think the trial court should have made provision for payment of appellee's services in the order distributing the settlement proceeds. I am also confused about the guardian ad litem's objections to the annuity for the younger child bearing also the name of the mother. I do not think this titling of the account in both the parties' names resulted in making this "qualified" tax-deferred money for IRS considerations regarding IRA-type annuities. It seems to me this was tax-free money awarded to the minor and would have retained that identity regardless of having had the mother's name on the account for other purposes. At least it is certainly arguably so. Whether later earnings on the account would be tax-deferred or exempt is another question, and perhaps that is what offended the guardian ad litem.

In any event, as I see it, this controversy was fueled from three sides, appellant being only one leg of the triangle.