REED v BRETON

Docket No. 276057. Submitted May 6, 2008, at Grand Rapids. Decided
       May 27, 2008, at 9:10 a.m.

       Lawrence Reed, as personal representative of the estate of decedent
       Lance N. Reed, brought a wrongful-death and dramshop action in
       the Jackson Circuit Court against Frederick Breton, personal
       representative of the estate of decedent Curtis J. Breton, and two
       dramshops. Dennis Hurst & Associates represented the plaintiff
       pursuant to a contingent-fee agreement under which Hurst was to
       be paid one-third of monies collected. The agreement expressly
       provided that it did not apply to appellate proceedings. The court
       granted summary disposition to one dramshop. That decision was
       reversed in the Court of Appeals, 264 Mich App 363 (2004). The
       Supreme Court reversed the Court of Appeals and affirmed the
       dismissal of the dramshop, 475 Mich 531 (2006). In the Supreme
       Court appeal, the plaintiff had additional counsel who was hired
       on an hourly fee basis. After those appeals, the plaintiff reached a
       settlement with the remaining parties. The plaintiff then filed a
       motion for the entry of a settlement order and the approval of the
       proposed distribution of funds. The proposed distribution included
       one-third of the recovery as Hurst's fee for the proceedings in the
       circuit court, an additional amount for Hurst's fee in the appellate
       proceedings, and a fee for additional counsel in the Supreme Court
       appeal. The proposed attorney fees exceeded one-third of the
       plaintiff's recovery. The court, Chad C. Schmucker, J., rejected the
       proposed attorney fees as being excessive. The plaintiff appealed
       by delayed leave granted.

          The Court of Appeals held:

          The circuit court properly concluded that the proposed distri-
       bution of proceeds in this wrongful-death action violated MCR
       8.121 to the extent that it allocates to Hurst attorney fees in excess
       of one-third of the plaintiff's net recovery.

          1. MCR 8.121(B) sets the maximum contingent attorney fee in
       a personal-injury or wrongful death action at one-third of the
       amount recovered.

          2. The reasoning of State Bar of Michigan Formal Ethics
       Opinion R-011 (July 26, 1991) is adopted by this panel of the Court

of Appeals to support the conclusion that the total contingent fee for all lawyers of a party in a personal-injury or wrongful-death case may not exceed one-third of the recovery and that, if the fee agreement provides for a one-third fee, the trial lawyer may not charge an additional amount for pursuing an appeal.

Affirmed.

ATTORNEY AND CLIENT — PERSONAL INJURY — WRONGFUL DEATH — CONTINGENT FEES — APPEALS.

The total contingent fee for all lawyers of a plaintiff in a personal-injury or wrongful-death action at trial and on appeal may not exceed one-third of the plaintiff's net recovery (MCR 8.121[A], [B]).

*Dennis Hurst & Associates* (by *Dennis Hurst*) for the plaintiff.

Before: JANSEN, P.J., and ZAHRA and GLEICHER, JJ.

JANSEN, P.J. In this wrongful-death case, plaintiff appeals by delayed leave granted the circuit court's denial of his motion to approve the proposed distribution of attorney fees following a settlement. The circuit court declined to approve the proposed distribution to the extent that it provided for total attorney fees in excess of one-third of plaintiff's net recovery. We affirm.

Plaintiff's son was killed in an automobile accident involving an intoxicated driver. Plaintiff, as personal representative of his son's estate, retained Dennis Hurst & Associates to represent the estate in a wrongful-death lawsuit against the responsible parties. Plaintiff and Hurst entered into a contingency fee agreement whereby plaintiff agreed to pay Hurst "one-third (1/3) of all monies collected." The agreement expressly provided that it did not apply to appeals.

An action was subsequently filed against the intoxicated driver and two dramshop defendants, the Beach Bar and the Eagle's Nest. The circuit court granted

summary disposition in favor of the Beach Bar and plaintiff appealed that decision. This Court reversed the circuit court's decision and reinstated the claim against the Beach Bar. *Reed v Breton*, 264 Mich App 363, 364-365; 691 NW2d 779 (2004). Upon further appeal, however, our Supreme Court reversed this Court's decision and affirmed the grant of summary disposition in favor of the Beach Bar. *Reed v Breton*, 475 Mich 531, 543-544; 718 NW2d 770 (2006).

Because the original contingency-fee agreement did not cover appeals, plaintiff entered into a new fee agreement with the Hurst law firm for representation before this Court. Additionally, plaintiff entered into a separate hourly fee agreement with the law firm of Honigman, Miller, Schwartz & Cohn for representation before the Supreme Court. After all appeals were concluded, plaintiff reached a settlement with the remaining parties for the net amount of $120,065.41.

Plaintiff thereafter filed a motion in the circuit court for entry of a settlement order and approval of the proposed distribution of funds. The motion sought a distribution of total attorney fees in the amount of $82,073.87, consisting of $40,021.80 (one-third of the net settlement) for Hurst's representation in the circuit court, $14,578.29 for Hurst's representation before this Court, and $27,473.78 for the Honigman law firm's representation before the Supreme Court. The circuit court, observing that the total requested attorney fees exceeded one-third of plaintiff's net recovery, refused to approve the proposed distribution.

A circuit court's decision concerning the distribution of settlement proceeds in a wrongful-death matter is reviewed for clear error. *McTaggart v Lindsey*, 202 Mich App 612, 615-616; 509 NW2d 881 (1993). "A finding is clearly erroneous when, although there is evidence to

support it, the reviewing court is left with a definite and firm conviction that a mistake has been made." *Id.* at 616. "[I]nterpretation of a court rule, like a matter of statutory interpretation, is a question of law that this Court reviews de novo." *CAM Constr v Lake Edgewood Condo Ass'n,* 465 Mich 549, 553; 640 NW2d 256 (2002). The "rules governing the construction of statutes apply with equal force to the interpretation of court rules." *Rafferty v Markovitz,* 461 Mich 265, 270; 602 NW2d 367 (1999).

Initially, we note that the Michigan Rules of Professional Conduct address the subject of attorney fees in MRPC 1.5(a), which provides that "[a] lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee," and sets out factors to be considered in determining the reasonableness of a fee. Further, MRPC 1.5(c) refers to MCR 8.121 "for additional requirements applicable to some contingency-fee agreements."

"Under the Michigan wrongful death act, the trial court is required to hold a hearing and approve the distribution of the proceeds of any settlement." *In re Guardian Ad Litem Fees,* 220 Mich App 619, 624; 560 NW2d 76 (1996); see also MCL 600.2922(9). MCR 8.121 addresses allowable attorney fees in personal-injury and wrongful-death actions. The rule provides in pertinent part:

(A) Allowable Contingent Fee Agreements. In any claim or action for personal injury or wrongful death based upon the alleged conduct of another, in which an attorney enters into an agreement, expressed or implied, whereby the attorney's compensation is dependent or contingent in whole or in part upon successful prosecution or settlement or upon the amount of recovery, the receipt, retention, or sharing by such attorney, pursuant to agreement or otherwise, of compensation which is equal to or less than the fee stated in subrule (B) is deemed to be fair and reasonable. The receipt, retention, or sharing of compensation which is

in excess of such a fee shall be deemed to be the charging of a "clearly excessive fee" in violation of MRPC 1.5(a).

(B) Maximum Fee. The maximum allowable fee for the claims and actions referred to in subrule (A) is one-third of the amount recovered.

(C) Computation.

(1) The amount referred to in subrule (B) shall be computed on the net sum recovered after deducting from the amount recovered all disbursements properly chargeable to the enforcement of the claim or prosecution of the action. In computing the fee, the costs as taxed and any interest included in or upon the amount of a judgment shall be deemed part of the amount recovered.

We agree with the circuit court that MCR 8.121 limits the total allowable attorney fee payable to Hurst in this case to one-third of the net amount recovered by plaintiff. This conclusion is supported by State Bar of Michigan Formal Ethics Opinion R-011 (July 26, 1991), which states in relevant part:

May the lawyer charge a fee beyond the originally agreed contingent fee for taking an appeal? MCR 8.121(B) states:

"The maximum allowable fee for the claims and actions referred to in subrule (A) is one-third of the amount recovered."

* * *

Is the appeal part of the same "claim and action" as the trial so as to be limited to the original fee agreement? We are aware of no authority or reasoning which would conclude that the trial of a matter is a "claim" or "action" different and distinguishable from an appeal, removing the fee from the limitation imposed by MCR 8.121(B). As noted in MCR 8.121(A), a fee in excess of one-third is deemed a clearly excessive fee in violation of MRPC 1.5(a). Therefore, in personal injury and wrongful death cases, if the fee

agreement provided for a one-third fee, the trial lawyer could not charge an additional fee for pursuing the appeal.

\* \* \*

The total contingent fee for all lawyers of a party in a personal injury or wrongful death case may not exceed one-third of the recovery; in other cases the total fee may not be in excess of a reasonable fee.[1]

Although state bar ethics opinions are not binding on this Court, they may be considered instructive. *Watts v Polaczyk*, 242 Mich App 600, 607; 619 NW2d 714 (2000); *Barkley v Detroit*, 204 Mich App 194, 202; 514 NW2d 242 (1994). We find the reasoning of Ethics Opinion R-011 persuasive, as it is supported by the clear language of MCR 8.121. We therefore adopt the ethics opinion's reasoning as our own.

The circuit court properly concluded that the proposed distribution of proceeds in this wrongful-death action violated MCR 8.121 to the extent that it allocates to Hurst attorney fees in excess of one-third of the amount of plaintiff's net recovery.[2] The court did not clearly err by declining to approve the proposed distribution on this ground. *McTaggart, supra* at 615-616.

Affirmed.

---

[1] Because MCR 8.121(A) applies only to actions for personal injury or wrongful death, the ethics opinion concludes that "[i]f the claim or action is not personal injury or wrongful death, and therefore not limited to the one-third recovery, a lawyer is guided by MRPC 1.5(a) in setting fees."

[2] We wish to make clear that the fees payable to the Honigman law firm were not incurred pursuant to the original contingent-fee agreement between plaintiff and Hurst, but were incurred pursuant to a *separate* fee agreement, which covered proceedings before the Michigan Supreme Court only. Consequently, these separate, non-contingent fees payable to Honigman were not barred by the one-third rule of MCL 8.121(B). See, e.g., *Morris v Detroit*, 189 Mich App 271, 277-278; 472 NW2d 43 (1991).