*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ZELLA JOHNSON,

        Plaintiff-Appellee,

v

HAFIZUR RAHMAN and MAHI LIMO
SERVICE, INC,

        Defendants,

and

BERKSHIRE HATHAWAY
HOMESTATE INSURANCE COMPANY,

        Defendant-Appellee,

and

PLAINTIFF INVESTMENT FUNDING, LLC,

        Appellant.

UNPUBLISHED
January 5, 2023

No. 357893
Wayne Circuit Court
LC No. 18-013783-NI

Before: JANSEN, P.J., and SERVITTO and GADOLA, JJ.

PER CURIAM.

Appellant, Plaintiff Investment Funding, LLC, appeals by delayed leave granted the April 2, 2021 order of the trial court directing the apportionment of settlement proceeds. Appellant also challenges the trial court's July 1, 2021 order denying appellant's motion for reconsideration and motion to intervene. We affirm the trial court's orders, but remand for correction of the trial court's April 2, 2021 order directing apportionment.

## I. FACTS

In 2018, plaintiff Zella Johnson initiated a lawsuit against defendants Hafizur Rahman, Mahi Limo Service, Inc, and Berkshire Hathaway Homestate Insurance Company, alleging that she was injured in a motor vehicle accident while a passenger in a vehicle driven by defendant Rahman in the course of his employment with defendant Mahi Limo. Plaintiff further alleged that at the time of the collision she was insured under a policy of no-fault insurance by defendant Berkshire Hathaway, which she alleged had wrongfully refused to pay PIP benefits.

While plaintiff's case was pending before the trial court, plaintiff apparently obtained money from appellant by executing a series of "purchase agreements." Appellant describes its business as offering non-recourse, pre-settlement funding to plaintiffs with pending legal claims. According to appellant, plaintiff received funds from appellant in 11 transactions from June 1, 2018 through October 18, 2019. Although at various points in the trial court record these transactions are referred to as "loans," the alleged transactions, as described, are not actually loans;[1] plaintiff had no repayment obligation and was not charged interest. Rather, in each transaction, plaintiff allegedly agreed that a portion of any proceeds she recovered from her claim would be paid to appellant, thereby assigning an interest in the proceeds to appellant.

The amount appellant allegedly is entitled to receive depends upon the amount the parties agreed in each transaction and is determined by an agreed-upon schedule based upon the amount of time that elapses after the transaction before the proceeds are received. For example, the documentation for the June 1, 2018 transaction states that plaintiff received the sum of $1,000 from appellant, and in exchange, plaintiff agreed that if she recovered on her claim, appellant would receive from the proceeds the amount listed on the transaction schedule based upon the date the settlement was received, plus a processing fee of $95. For that transaction, if 30 months elapsed, for example, the portion of the proceeds owed to appellant would be $2,650 plus the $95 processing fee. If plaintiff never obtained a judgment or settlement in her lawsuit, however, appellant was not entitled to any recovery.

In 2020, plaintiff and defendants Rahman and Mahi Limo entered into a settlement agreement, and the trial court dismissed plaintiff's complaint against those defendants. In January 2021, the trial court entered a stipulated order dismissing the complaint against the remaining defendant, Berkshire Hathaway, and closing the case. As a result of the settlement of the claim, plaintiff was awarded $70,000. Thereafter, plaintiff's counsel filed a motion seeking an order apportioning the settlement proceeds because plaintiff refused to approve the distribution of the proceeds. Plaintiff's counsel represented that his firm was owed costs of $1,286.27 and a one-third contingency fee of $22,904.58, that Plaintiff Investment Funding, LLC had a lien[2] against

---

[1] Exhibit C to Appellant's Brief on Appeal includes the documentation for the June 1, 2018 transaction. Appellant has not provided documentation regarding the other alleged transactions but implies that the terms of those transactions are similar to the June 1, 2018 transaction.

[2] Plaintiff's counsel represented to the trial court that appellant had a lien on the settlement proceeds. Neither plaintiff nor appellant, however, challenge the trial court's statement that appellant did not file a notice of lien with the trial court.

the settlement proceeds of $18,920, that United Health Care was owed $1,805.49, that Med Lien Solutions was owed $1,486.29, and that various medical providers were owed a proposed distribution of $21,617.37. The result was that plaintiff would not receive any of the settlement proceeds.

At the hearing on the motion to apportion the settlement, the trial court strongly expressed its disapproval of the amount appellant sought to recover from the settlement proceeds. The trial court stated, in relevant part:

> The Court is going to approve this settlement and approve the distribution of the proceeds with the exception of the Plaintiff Investment Funding, LLC, for eighteen thousand nine hundred twenty dollars ($18,920).
>
> The fact of the matter is there's no lien that has been filed with this court. They're going to have to work it out with the plaintiff.
>
> But the plaintiff is entitled to that money, and I have the equitable power, and that's what I'm utilizing at this point; okay.
>
> Because you start off with eight thousand dollars ($8,000) that's advanced – at least that's what's been represented to this Court – and somehow she ends up owing twenty-one thousand dollars ($21,000) if we're looking at Exhibit-2, which is attached to Plaintiff's motion.
>
> There is something not right about this. She's the injured party and she walks away with no money, where this company who advances eight thousand ($8,000) at the most. They're entitled to eight thousand ($8,000); okay.
>
> * * *
>
> And they can go ahead and appeal if they want. They did not file a lien with this Court. It's equitable distribution; okay.
>
> I mean, I have never seen a case like this where I don't know what the interest rate is. It hasn't been represented to this Court and I'm not going to speculate.
>
> But clearly you can see if the advancement was eight thousand dollars ($8,000) and they asking for twenty-one ($21,000) plus thousand dollars, it's a lot of interest. And I'm not going to allow that to take place here.

The trial court entered an order granting the motion, stating in relevant part that "Plaintiff Investment Funding shall only receive a distribution equal to the amount of money it actually loaned Zella Johnson and is not entitled to its claimed interest. The remainder of any settlement proceeds shall go to Zella Johnson." The trial court thereafter denied appellant's motion for

reconsideration and motion to intervene. Appellant now appeals to this Court on delayed leave granted.[3]

## II. DISCUSSION

## A. APPORTIONMENT

Appellant contends that the trial court erred by denying appellant the full amount of the proceeds appellant claims plaintiff is contractually obligated to pay to appellant. We conclude that the trial court did not err by failing to award appellant the amount appellant sought; however, the trial court's April 2, 2021 order improperly determined appellant's rights to the additional amounts.

We review a trial court's apportionment of settlement proceeds for clear error. See, e.g., *Reed v Breton*, 279 Mich App 239, 241; 756 NW2d 89 (2008). In this case, appellant contends that despite its lien against plaintiff's settlement proceeds for more than $21,000, the trial court improperly awarded only $8,000 of the settlement proceeds to appellant. The trial court observed that appellant had not filed a notice of lien and therefore had not demonstrated to the trial court entitlement to a portion of the settlement proceeds. Nonetheless, the trial court undertook to resolve appellant's claimed lien against the settlement proceeds, ordering that appellant would receive only the principal amount loaned to plaintiff but no claimed interest.[4] The trial court explained that it was using its equitable authority to distribute the proceeds. In doing so, however, the trial court did not merely determine the amount of the proceeds allocated to appellant, it also determined that appellant was not entitled to the additional amounts it sought against plaintiff, ordering that appellant "is not entitled to its claimed interest."

Appellant now seeks an award of a greater share of the proceeds, arguing that the trial court erred by failing to award the amounts due under its contracts with plaintiff. However, although the issue of the apportionment of the settlement proceeds was before the trial court, the issue of appellant's contractual claims against plaintiff was not. Appellant had not intervened in the trial court action, had not filed a notice of lien, and had not initiated an action in the trial court against plaintiff to enforce its contracts. As a result, although the trial court could apportion the settlement, it could not resolve appellant's contract claim against plaintiff. The trial court awarded appellant $8,000 of the proceeds and no party has challenged on appeal the award of $8,000 to appellant. The trial court, however, also determined that appellant "is not entitled to its claimed interest" arising from the transactions, thereby arguably extinguishing appellant's right to pursue the

---

[3] *Johnson v Berkshire Hathaway Homestate Ins Co*, unpublished order of the Court of Appeals, entered October 28, 2021 (Docket No. 357893).

[4] The trial court concluded that appellant loaned plaintiff funds and was attempting to collect not only the principal loaned to plaintiff, but also an exorbitant amount of interest. Because appellant did not file a notice of lien in the trial court and did not move to intervene earlier in the proceedings, the trial court apparently was not privy to the documentation of the transactions between plaintiff and appellant. On appeal, appellant provided the documentation for one of the alleged eleven transactions, which demonstrates that this particular transaction, at least, was not a loan.

additional amounts from plaintiff allegedly due under the contracts. This was error necessitating remand for the trial court to correct its April 2, 2021 order.

## B. MOTION TO INTERVENE

Appellant contends that the trial court abused its discretion by denying its motion to intervene in the trial court proceedings. We review for an abuse of discretion a trial court's decision to grant or deny a motion to intervene. *Kuhlgert v Michigan State University*, 328 Mich App 357, 377; 937 NW2d 716 (2019). A trial court abuses its discretion when it chooses an outcome outside the range of principled outcomes. *Id*. at 377-378.

In a civil case, intervention is "an action by which a third party becomes a party in a suit pending between others." *Ferndale Sch Dist v Royal Oak Twp Sch Dist No. 8*, 293 Mich 1, 12; 291 NW 199 (1940). MCR 2.209 governs intervention and provides, in relevant part:

> (A) **Intervention of Right.** On timely application a person has a right to intervene in an action:
>
> (1) when a Michigan statute or court rule confers an unconditional right to intervene;
>
> (2) by stipulation of all the parties; or
>
> (3) when the applicant claims an interest relating to the property or transaction which is the subject of the action and is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
>
> (B) **Permissive Intervention.** On timely application a person may intervene in an action
>
> (1) when a Michigan statute or court rule confers a conditional right to intervene; or
>
> (2) when an applicant's claim or defense and the main action have a question of law or fact in common.
>
> In exercising its discretion, the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Although the rule for intervention is construed liberally to permit intervention when the applicant's interests are not adequately represented, intervention may be improper if it delays the action or unreasonably expands the parties and causes of action. *Neal v Neal*, 219 Mich App 490, 492-493; 557 NW2d 133 (1996). In this case, appellant does not specify whether it sought intervention as of right or permissive intervention, but argues that intervention would not have unduly delayed the case and the parties would not have been adversely impacted because the case already had been settled.

We conclude that the trial court did not abuse its discretion by denying appellant's motion to intervene. Appellant had a number of methods available to it to protect is interests, such as promptly moving to intervene early in the proceedings, filing a notice of lien with the trial court, or filing a contract action against plaintiff and seeking to consolidate that action with the plaintiff's litigation pending before the trial court. Appellant did not pursue the avenues available to safeguard its interests until it sought to intervene several months after the parties had reached a settlement and the case had been dismissed. The trial court's denial of appellant's motion to intervene was within the range of reasonable outcomes and was not an abuse of the trial court's discretion under the circumstances.

## C. RECONSIDERATION

Appellant also contends that the trial court abused its discretion by denying its motion for reconsideration. Again, we disagree. We review for an abuse of discretion the trial court's decision on a motion for reconsideration. *Farm Bureau Ins Co v TNT Equip, Inc*, 328 Mich App 667, 672; 939 NW2d 738 (2019).

Under MCR 2.119(F)(3), a party seeking reconsideration "must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error." The trial court has broad discretion to grant or deny a motion for reconsideration, *Al-Maliki v LaGrant*, 286 Mich App 483, 486; 781 NW2d 853 (2009), but typically will deny a motion for reconsideration that merely presents the same issues already ruled upon by the trial court. MCR 2.119(F)(3).

In this case, appellant's motion for reconsideration asserted that the trial court made its ruling regarding apportionment without the benefit of a full understanding of the transactions between plaintiff and appellant, and provided a brief explanation of the transactions and reasons supporting enforcement of the contracts. As discussed, however, the trial court did not err by failing to apportion the proceeds as requested by appellant because appellant did not properly bring its claim before the trial court. Appellant's motion for reconsideration thus did not demonstrate palpable error by the trial court in failing to apportion the proceeds more favorably to appellant. The trial court therefore did not abuse its discretion by denying appellant's motion for reconsideration.

We affirm the trial court's orders, but remand for correction of the trial court's April 2, 2021 order directing apportionment to redact the statement that appellant is not entitled to its "claimed interest." We do not retain jurisdiction.


/s/ Kathleen Jansen
/s/ Deborah A. Servitto
/s/ Michael F. Gadola