*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PAMELA KLYN, Personal Representative of the
ESTATE OF RONALD NOORMAN, SR.,

        Plaintiff-Appellee,

v

MAXIM HEALTHCARE SERVICES, INC.,
CAREERSTAFF UNLIMITED, LLC, GENESIS
HEALTHCARE, LLC, MICHIGAN VETERAN
HOMES, GRAND RAPIDS HOME FOR
VETERANS, also known as GRAND RAPIDS
HOMES FOR VETERANS, BEVERLY ANN
BRATCHER, LPN, GERALDINE WEBB, LPN,
KIM GONVEA, NP, also known as KIM GONYEA,
NP, NORMAN WEBER, DO, PAULA BIXLER,
RN, also known as PAULA BRIZLER, RN,
FLERIDA TIBURCIO, LPN, FREDERIC
AMMERMAN, CHRISTIAN OTHMER, LORI
LOWERY, RN, JOSEPH KIPKORIR, RN, GLENN
JURICK, RN, MEIJER PHARMACY, and MEIJER,
INC.,

        Defendants,

and

RONALD JACK NOORMAN, JR., DEBORAH
WAID, AND SHERRY HAYNES,

        Appellants,

and

DARLENE NOORMAN,

        Appellee.

UNPUBLISHED
February 12, 2025
9:48 AM

No. 369141
Kent Circuit Court
LC No. 22-009186-NO

-1-

Before: SWARTZLE, P.J., and K. F. KELLY and MURRAY, JJ.

PER CURIAM.

In this wrongful-death action, interested persons-appellants Ronald Jack Noorman, Jr., Deborah Waid, and Sherry Haynes (collectively appellants), the children of the decedent Ronald Noorman, Sr. (Mr. Noorman), appeal as of right the circuit court's amended order granting plaintiff-appellee Pamela Klyn's (plaintiff's) motion to approve the settlement and distribution of proceeds, and denial of their motion for reconsideration of that order. We reverse and remand for further proceedings consistent with this opinion.

## I. FACTS AND PROCEDURAL HISTORY

While a patient at defendant the Grand Rapids Home for Veterans,[1] Mr. Noorman was incorrectly given insulin, and ultimately passed away several months later. Plaintiff, the daughter of Mr. Noorman's wife, interested person-appellee Darlene Noorman (appellee), was appointed personal representative of Mr. Noorman's estate, and initiated this wrongful-death action under MCL 600.2922, on behalf of the estate.

Plaintiff accepted a $750,000 settlement offer in the matter, and moved for approval of the settlement and distribution of proceeds,[2] requesting disbursement as follows: $15,776.03 to the law firm for litigation costs; $233,074.66 to the law firm for attorney fees; $5,000 to the probate law firm for attorney fees; $31,008.28 in satisfaction of medical liens; $35,000 withheld from distribution and placed in the law firm's IOLTA account for future costs, if any; $430,141.03 to the estate of Ronald Noorman, Sr.; and $0 to all interested persons, listed in the motion as appellee and appellants. She asserted, "Prior to RONALD NOORMAN, SR passing away he suffered a tremendous amount of conscious pain and suffering," and attached medical records. Notice was sent to each of the interested persons.

The trial court held a hearing on the motion via Zoom, and plaintiff agreed that she believed it to be in the best interest of the estate to award the settlement proceeds to the estate for Mr. Noorman's pain and suffering. There is no clear record in the transcript of appellants' virtual or in-person attendance at the hearing. At the close of the brief hearing, the court granted the motion and entered an order to that effect. The court then amended the order, approving the settlement amount of $750,000, and distributing the proceeds as requested in the amended motion for approval.

---

[1] Neither this defendant nor any of the others are parties to this appeal as it involves the distribution of proceeds from a settlement between the parties.

[2] Plaintiff filed an initial motion to approve the settlement on August 18, 2023, but subsequently amended the motion.

Appellants moved for reconsideration of the amended order pursuant to MCR 2.119(F), arguing:

[T]he Court has committed palpable error when it failed to allow [appellants] to attend the September 8, 2023, hearing on Plaintiff's Motion to Approve Settlement and Distribution of Proceeds. As the result of the Court's failure to conduct a full hearing, it failed to consider and/or award fair and equitable amounts as damages sustained by each of [the appellants].

Appellants asserted that they received notice of the hearing and each logged in to the Zoom waiting room, but were never admitted into the virtual courtroom, and that "[h]ad the Court allowed any of [them] to enter . . . the Court would have heard that [they] (1) objected to the proposed distribution, (2) were prepared to describe their relationship with [Mr. Noorman], and (3) were each entitled to damages."

The court then ordered appellants to brief their objections to the settlement and distribution award, in response to which appellee asserted:

[A]s laid out in MCL 600.2922(6), [appellee] is requesting a specific award for Ronald Norman, Sr.'s Estate for his conscious pain and suffering. A specific award to [appellee] for her loss to society, companionship, and her financial loss. And lastly, a minimal award, if any, to [appellants] for the reasons previously identified in his response.

She attached Mr. Noorman's will, medical records, and a list of expenses related to Mr. Noorman's death.

At the motion hearing, the court acknowledged: "Our electronics show that there was only one person on and all it said was video. It did not identify a name, nor did the individual when they called in, articulate who they were in or what case they were for." And appellants' attorney asserted it was likely appellants because they were together using one iPhone to log into Zoom. Nevertheless, the court expressed skepticism regarding appellants' assertions they were in the Zoom waiting room or had otherwise called into the court, and denied the motion, entering an order to that effect. This appeal followed.

II. ANALYSIS

Appellants argue that the trial court erred in denying their motion for reconsideration and ordering distribution of the settlement proceeds in accordance with plaintiff's request, because the court's failure to admit them into the Zoom hearing violated MCL 600.2922(6) and their due process rights.

A. STANDARDS OF REVIEW

"A circuit court's decision concerning the distribution of settlement proceeds in a wrongful-death matter is reviewed for clear error." *Reed v Breton*, 279 Mich App 239, 241; 756 NW2d 89 (2008), citing *McTaggart v Lindsey*, 202 Mich App 612, 615-616; 509 NW2d 881 (1993). " 'A finding is clearly erroneous when, although there is evidence to support it, the

reviewing court is left with a definite and firm conviction that a mistake has been made.' " *Reed*, 279 Mich App at 241-242 (citation omitted).

We also review a trial court's decision on a motion for reconsideration for an abuse of discretion. *Frankenmuth Ins Co v Poll*, 311 Mich App 442, 445; 875 NW2d 250 (2015). " 'An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes.' " *Id*. (citation omitted).

Whether a party is denied due process is a question of constitutional law which we generally review de novo. *Brooks Williamson & Assoc, Inc v Mayflower Constr Co*, 308 Mich App 18, 32; 863 NW2d 333 (2014). But appellants failed to preserve their due process argument by raising it below. See *Glasker-Davis v Auvenshine*, 333 Mich App 222, 227-228; 964 NW3d 809 (2020). "If a litigant does not raise an issue in the trial court, this Court has no obligation to consider the issue." *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, 347 Mich App 280, 289; 14 NW3d 472 (2023). "However, this Court may overlook preservation requirements if the failure to consider the issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented." *Id*. at 289-290 (quotation marks and citations omitted).

Finally, "[t]his Court also reviews de novo a trial court's application of a statute." *Tree City Props LLC v Perkey*, 327 Mich App 244, 247; 933 NW2d 704 (2019) (citations omitted).

### B. MCL 600.2922

We first consider appellants' argument that the trial court failed to conduct a hearing consistent with the requirements of MCL 600.2922(6).

The wrongful-death act, a filter through which an underlying claim may proceed, *Wesche v Mecosta Co Rd Comm'n*, 480 Mich 75, 88; 746 NW2d 847 (2008), allows the personal representative of a deceased's estate to bring an action for damages that the deceased could have brought had death not ensued, MCL 600.2922(1) and (2). Pursuant to the statute, those entitled to damages include "[t]he deceased's spouse, children, descendants, parents, grandparents, [and] brothers and sisters . . . ." MCL 600.2922(3)(a). Within 30 days of filing the wrongful-death action, the personal representative must serve notice of the action upon those interested persons which includes "[a] statement that he or she will [also] be notified of a hearing to determine the distribution of the proceeds after the adjudication or settlement of the claim for damages." MCL 600.2922(2) and (4).

Here, the parties settled the lawsuit, and plaintiff moved the court for approval of the settlement and authority to distribute the proceeds in accordance with MCL 600.2922(5) and (6), which provide in pertinent part:

> (5) If, for the purpose of settling a claim for damages for wrongful death where an action for those damages is pending, a motion is filed in the court where the action is pending by the personal representative asking leave of the court to settle the claim, the court shall, with or without notice, conduct a hearing and approve or reject the proposed settlement.

(6) In every action under this section, the court or jury may award damages as the court or jury shall consider fair and equitable, under all the circumstances including reasonable medical, hospital, funeral, and burial expenses for which the estate is liable; reasonable compensation for the pain and suffering, while conscious, undergone by the deceased during the period intervening between the time of the injury and death; and damages for the loss of financial support and the loss of the society and companionship of the deceased. The proceeds of a settlement or judgment in an action for damages for wrongful death shall be distributed as follows:

(a) The personal representative shall file with the court a motion for authority to distribute the proceeds. Upon the filing of the motion, the court shall order a hearing.

(b) Unless waived, notice of the hearing shall be served upon all persons who may be entitled to damages under subsection (3) in the time, manner, and method provided in the rules applicable to probate court proceedings.

* * *

(d) After a hearing by the court, the court shall order payment from the proceeds of the reasonable medical, hospital, funeral, and burial expenses of the decedent for which the estate is liable. The proceeds shall not be applied to the payment of any other charges against the estate of the decedent. The court shall then enter an order distributing the proceeds to those persons designated in subsection (3) who suffered damages and to the estate of the deceased for compensation for conscious pain and suffering, if any, in the amount as the court or jury considers fair and equitable considering the relative damages sustained by each of the persons and the estate of the deceased. If there is a special verdict by a jury in the wrongful death action, damages shall be distributed as provided in the special verdict. . . .

"Under the Michigan wrongful death act, the trial court is required to hold a hearing and approve the distribution of the proceeds of any settlement." *Reed*, 279 Mich App at 242 (quotation marks and citation omitted).

Appellants do not dispute that they received notice of the hearing, or that a hearing was held. Rather, appellants argue that because they were not brought into the virtual courtroom to participate in the hearing, the court failed to conduct "a hearing at which it considered the 'activity shared and overall characteristics of the relationship' between decedent and [appellants], enabling the court to distribute to each of [appellants] an amount that is 'fair and equitable considering the relative damages sustained by each,' " and therefore "did not comply with MCL 600.2922 . . . ." We agree.

-5-

In the declarations[3] attached to their motion for reconsideration, appellants state that they logged into the court's Zoom waiting room at 8:20 a.m. and were in the waiting room until approximately 12:45 p.m., and that on the morning of the hearing, they called the court multiple times to let the court know they were in the waiting room. In its ruling on appellants' motion for reconsideration, the trial court took issue with appellants' assertions regarding timing, stating:

> Well, as I said I think there's some issues with regards to what they're alleging in their affidavits that are attached. And clearly the Zoom was cutoff at 9:25. It would have been like hanging up on a phone. It would have disconnected anything. I can't understand and believe that people are sitting in there all morning. They did not evidently identify themselves. My clerk is fantastic working with the Zoom and making sure that everyone is identified that calls in.

A review of the transcript reveals no direct evidence that appellants were in the Zoom waiting room. But two exchanges at the hearing demonstrate some difficulty and confusion with the use of Zoom. At the beginning of the hearing during appearances, the following conversation occurred:

> *The Court*: We still have one who hasn't given us an appearance yet. Why don't you do that.
>
> *Clerk*: She's here.
>
> *The Court*: Gotta love Zoom.
>
> *Clerk*: Do we?
>
> *The Court*: Do we have anything else we can go on to?
>
> *Clerk*: Can you hear us okay?
>
> *Mr. Braverman* [appellee counsel]: Yes, I'm back.

And then:

> *The Court*: Plaintiff's counsel have some questions of [plaintiff]? Go ahead.
>
> *Unidentified Speaker*: Do you have a question? Is it frozen?
>
> *Clerk*: I have another person that needs to be here. (Inaudible).

---

[3] Although the declarations are signed, they are unsworn, but each does contain the statement, "I declare under penalty of perjury that the above declarations have been examined by me and are true and accurate to the best of my information, knowledge, and belief." See MCR 1.109(D)(3)(b).

*Mr. Stephenson* [ ]:  I see the problem, your Honor.  Mr. Dawson is actually plaintiff's counsel.

Further, despite its skepticism, the court acknowledged during the motion for reconsideration hearing that: "Our electronics show that there was only one person on and all it said was video.  It did not identify a name, nor did the individual when they called in, articulate who they were in or what case they were for."

While understanding that the trial court is better positioned to evaluate credibility, the above convinces us that appellants likely attempted to attend the hearing, whether or not they did so in the correct way.  And without their participation, the court did not have the factual basis necessary to fairly and equitably distribute proceeds, as required under MCL 600.2922(6)(d).  Appellants assert that they had healthy and loving relationships with Mr. Noorman.  While there is no precise formula for calculating damages associated with the loss of a loved one's society and companionship, "[t]he only reasonable measure of the actual destruction caused is to assess the type of relationship the decedent had with the claimant in terms of objective behavior as indicated by the time and activity shared and the overall characteristics of the relationship." *In re Carr*, 189 Mich App 234, 238-239; 471 NW2d 637 (1991).  Appellants were not afforded the opportunity to share the details of their relationships with Mr. Noorman at the hearing on the motion to approve the settlement and for distribution of proceeds.  We, therefore, lack the basis needed to assess the court's distribution of proceeds.  See *McTaggart*, 202 Mich App at 616 ("If the reviewing court determines that the trial court made a mistake, it will then substitute its own appraisal of the record . . . .").  Accordingly, we hold that the trial court erred by approving the settlement and distributing the proceeds without holding a hearing that fully accorded with MCL 600.2922(6).

## C.  CLAIM FOR DAMAGES

With the above holding, we reject appellee's argument that because appellants made no claim for damages under MCL 600.2922(4)(d) and (7), which appellants do not dispute, regardless of their attendance at the hearing, they are not entitled to any part of the settlement proceeds.

MCL 600.2922(4)(d) states that in the notice to interested persons of the initiation of a wrongful-death suit, the personal representative must include:

> A statement that to recover damages under this section the person who may be entitled to damages must present a claim for damages to the personal representative on or before the date set for hearing on the motion for distribution of the proceeds under subsection (6) and that failure to present a claim for damages within the time provided shall bar the person from making a claim to any of the proceeds.

MCL 600.2922(7) provides:

> A person who may be entitled to damages under this section must present a claim for damages to the personal representative on or before the date set for hearing on the motion for distribution of the proceeds under subsection (6).  The failure to present a claim for damages within the time provided shall bar the person from making a claim to any of the proceeds.

In *In re Estate of Kubiskey*, 236 Mich App 443, 447-448; 600 NW2d 439 (1999), a wrongful-death case cited by appellants, this Court rejected the same argument when considering the distribution of proceeds under the former Revised Probate Code[4] and specifically MCL 700.222(f), which provided, nearly identical to MCL 600.2922(7):

> A person who may be entitled to damages under this section must present a claim for damages to the personal representative on or before the date set for hearing on the petition for distribution of the proceeds. The failure to present a claim for damages within the time provided shall bar the person from making a claim to any of the proceeds.

The Court reasoned:

> The Legislature has plainly provided that the consequence of an interested party's "failure to present a claim for damages within the time provided," is that the interested party is barred from "*making a claim* to any of the proceeds." (Emphasis added.) "Making a claim" for proceeds is not the same thing as "receiving a distribution" of proceeds, and nowhere in § 222 does it provide that interested parties must "make a claim" in order to receive a distribution of the proceeds. [*In re Estate of Kubiskey*, 236 Mich App at 449.]

Further, citing to MCL 700.222(d), the former Revised Probate Code's counterpart to MCL 600.2922(6)(d), the Court stated:

> By the clear language of the statute, the only prerequisites that must be met in order to receive a share of the proceeds are (1) designation in subsection 2922(3) of the Revised Judicature Act, MCL 600.2922(3), and (2) damages. Respondent's interpretation of subsection 222(f) of the [Revised Probate Code] would effectively add a third requirement to subsection 222(d), that being the presentment of a claim for damages. [*In re Estate of Kubiskey*, 236 Mich App at 450.]

As the language of MCL 600.2922(6)(d) is substantively identical to that of the former MCL 700.222(d), the Court's reasoning applies here. Accordingly, we hold that appellants' failure to make a claim for damages under MCL 600.2922(7) does not bar them from receiving a distribution of the proceeds, if found to be entitled to such.

## D. PAIN AND SUFFERING

Finally, we address pain and suffering as it was argued below, and at least briefly discussed on appeal. A court may award damages in a wrongful-death action as "reasonable compensation for the pain and suffering, while conscious, undergone by the deceased during the period intervening between the time of the injury and death[.]" MCL 600.2922(6). Further, following a

---

[4] The settlement of proceeds there was governed by the Revised Probate Code "[b]ecause there was no civil action pending under the wrongful death act . . . ." *In re Estate of Kubiskey*, 236 Mich App at 448, citing MCL 600.2922(9).

-8-

hearing regarding the distribution of proceeds, the court may distribute proceeds "to the estate of the deceased for compensation for conscious pain and suffering." MCL 600.2922(6)(d).

In plaintiff's amended motion for approval of the settlement and distribution of proceeds, and in appellee's response to appellants' objections, they asserted that Mr. Noorman endured conscious pain and suffering, attaching a portion of his medical records. The court questioned appellants' attorney about this at the motion hearing, stating: "The other issue is the response in this. They said that -- that this was for pain and suffering. That that would go through the will. The will specifically include -- excludes the three children. How do you deal with that issue?" In response, appellants' attorney said that appellants could testify and provide evidence that Mr. Noorman endured no conscious pain and suffering. Ultimately, however, the court ruled that it had no reason at the time to find that Mr. Noorman endured no conscious pain and suffering.

On appeal, appellee makes no arguments related to Mr. Noorman's will,[5] and only briefly addresses his conscious pain and suffering, stating: "The court awarded all the proceeds to the deceased, for his pain and suffering. The decedent's pain and suffering was clearly documented as an attachment to the initial Motion for Approval of Settlement, and the Motion for Reconsideration." Nor does appellee argue or provide legal support for the notion that the distribution of proceeds to the estate for conscious pain and suffering are given higher priority or exclude the distribution of proceeds for the loss of the society and companionship of the deceased. Accordingly, we consider this argument abandoned. See *Yee v Shiawassee Co Bd of Comm'rs*, 251 Mich App 379, 406; 651 NW2d 756 (2002).

### III. CONCLUSION

We hold that the trial court erred by approving the settlement and distributing the proceeds without holding a hearing that fully accorded with MCL 600.2922(6), reverse the amended order granting plaintiff's amended motion for approval of the settlement and distribution of proceeds, and remand for the court to conduct a hearing in accordance with MCL 600.2922(6) and this opinion. We do not retain jurisdiction. As we have granted appellants' requested relief on this basis, we need not consider appellants' due process argument or whether the court specifically abused its discretion in denying appellants' motion for reconsideration.

/s/ Brock A. Swartzle
/s/ Kirsten Frank Kelly
/s/ Christopher M. Murray

---

[5] In his will, attached to appellee's brief in response to appellants' objections, Mr. Noorman explicitly excluded from any provision appellants and their descendants.